Raymond N. Haynes
9060 Grove St.
Elk Grove, Ca. 95624
916-709-9781
ray-haynes@hotmail.com
State Bar No. 93852

Attorney for Defendants, Richard Skaggs and Raymond Neal Haynes

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HENREID | CASE NO. **2:23-CV-02797-DJC-DB** |
| Plaintiff | **MOTION OF DEFENDANTS' RICHARD SKAGGS AND RAYMOND NEAL HAYNES FOR SANCTIONS** |
| v. | |
| | **DATE: October 3, 2024** <br> **TIME: 10:00 am** <br> **COURTROOM: 27** |
| RAYMOND NEAL HAYNES, ET. AL. | Action Filed DECEMBER 1, 2023 |
| Defendants | |

TO PLAINTIFF, IN PRO PER:

Please take notice that on October 3, 2024 at 10:00 am in Courtroom 27 of the above entitled court, located at 501 I St., Sacramento, Ca. 95814, Defendants Richard Skaggs and

Raymond Neal Haynes will move for an order granting them sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.

This motion will be based on this notice and motion, the points and authorities submitted in support of this motion, the request for judicial notice filed concurrently with this notice and the other pleadings and papers on file in this action.

Dated: August 24, 2024

                                                    RAYMOND HAYNES

By:   */s/ Raymond N. Haynes*
       Raymond N. Haynes
       Attorney for Defendants RICHARD SKAGGS and RAYMOND NEAL HAYNES

## 1. <u>PROCEDURAL STATUS AND FACTS</u>

This motion arises out of an action filed by Plaintiff, Paul Henreid ("Henreid") against Defendants Raymond Neal Haynes ("Haynes"), Richard Skaggs ("Skaggs") and Judge Davide Sotelo ("Judge Sotelo"), and, according to the complaint in this action, the alleged basis of liability is statements and actions that took place in the litigation filed by Henreid in the Los Angeles Superior Court, <u>Henreid v. Skaggs</u>, Los Angeles Superior Court case no. 19SCTV20592. The state court action was based on an alleged defamation sent by Skaggs to three individuals about Henreid's criminal past. The full description of that case and the outcome of that lawsuit is in the motion to dismiss filed by Defendants Haynes and Skaggs. This motion arises out the filing of this case, and the continuing actions of Henreid to press his claim against Defendants Skaggs and Haynes after the Appellate Court and trial court in that action ruled that the claims he is making in this federal action are without merit.

**MOTION OF DEFENDANTS RICHARD SKAGGS AND RAYMOND N. HAYNES FOR SANCTIONS PURSUANT TO RULE 11**
Page 2

The lawsuit before the court here was filed before the California Second District Court of Appeal ruled against Henreid on his appeal of the judgment entered by Judge Sotelo after the jury verdict against Henreid in that action.  In the trial court, Henreid sought sanctions against Haynes for statements made in Haynes' filings on behalf of Skaggs in the trial court, the same statements upon which this federal action is based.  The trial court denied that sanction request.  Henreid then requested sanctions against Haynes in the Second District Court of Appeal on those same statements, and the Court of Appeal denied that request as well.

Though this action was filed before the decision of the Court of Appeals, Haynes informed Henreid that the Court of Appeals addressed the statements Henreid claims were defamatory in the decision on the appeal, and said two things: (1) Henreid failed to prove to the Court of Appeals that any of the statements made in the papers filed by Haynes violated any laws, regulations, or court or rules of ethics governing lawyers behavior in litigation; and (2) any alleged statements made in the court filings is barred by California's litigation privilege.  Henreid spends a significant amount of time and effort in his complaint alleging that the statements were not protected by the litigation privilege and violated court rules and the laws of the state of California, but those points were rejected by the Court of Appeal in that decision.

Haynes pointed this out to Henreid in an email sent to Henreid regarding the federal case in February, and then again in July, that the federal action lacked any legitimate basis for liability against Haynes or Skaggs. Haynes also pointed out that the service of Richard Skaggs was flawed and suggested that Henreid re-serve the summons and complaint.  Rather than address the issues raised by the email sent to Henreid in any professional manner, Henreid claimed that Haynes was trying to "conflate" the federal court action with the state action and made it clear that he was going to continue his pattern of harassment of Skaggs and Haynes.  He then said he would not withdraw the complaint in this action.  Henreid also made the rather absurd claim that a summons could be served on an attorney admitted to practice in the Eastern District pursuant to Rule 5, when Rule 4 clearly requires the summons to served pursuant to state law.  Haynes pointed out Henreid's interpretation of the rules was incorrect, but rather than attempt to serve Haynes, Henreid doubled down, filed a "proof of service" of the summons, then filed a request to enter default. Leaving aside the fact that Rule 5 does not allow the service of summons by email, but rather only applies to documents filed after the summons has been appropriately served, Henreid was wrong

to file the proof of service because Haynes was not admitted to the practice of law in the Eastern District until this last week, when Haynes discovered he wasn't admitted, and followed the appropriate procedure for obtaining his admission. Henreid once again abused the court processes based on his knowingly false interpretation of the rules of this court.

Haynes followed up with a third email on August 3, 2024, once again addressing the specific problem with the federal action, that is, the alleged defamatory statement of which Henreid was complaining in the federal action was made in court papers, and covered directly by litigation privilege, and most likely barred by the issues bar covered by the doctrine of collateral estoppel. Henreid did not respond to that email before Haynes's filing of this motion. Rather than respond, Henreid took the path of filing a request to enter a default against Haynes.

The question before this court is whether the filing of this complaint and continuing to pursue it when it has been made clear by the state courts that there is no basis for liability against Haynes or Skaggs with respect to the alleged act of which Henreid complains in the federal action. Judge Sotelo forgave Henreid's bad behavior in the trial court, and the Court of Appeals warned Henreid that his actions insulting Judge Sotelo and Justices on the Court of Appeal crossed a line of decorum that would justify discipline, but because neither Justice Sotelo nor the Court of Appeals took any action other than warning Henreid, he has continued on with his intemperate language in his complaint and the filing of a complaint that has no legal or factual basis. He continues to assert unjustified positions in his filings with the court, such as filing a proof of service claiming that emailing Haynes is sufficient to complete service of the summons on Haynes in this action and following up with a request to enter a default based on a clearly false proof of service of summons. Henreid has justified his intemperate behavior by claiming Haynes inappropriately sought sanctions in the state court action, a rationalization of this bad behavior[1]

Haynes and Skaggs contend that the prosecution of this case, which at least two courts have either indicated by inaction or directly said that the case has no merit, is the harassment of these two defendants. Filing the claim against Judge Sotelo is evidence of this harassment, but Haynes does not have the authority to defend Judge Sotelo, so offers no indication as to what this court

---

[1] Haynes did seek discovery sanctions in a motion to compel discovery in the state court action. The court granted the motion to compel the discovery, but denied the sanctions, mainly because Henreid had filed the lawsuit in pro per in the trial court. The trial court was unaware at that time that Henreid was a lawyer and gave him leeway in his prosecution of that action, a mistake in retrospect.

**MOTION OF DEFENDANTS RICHARD SKAGGS AND RAYMOND N. HAYNES FOR SANCTIONS PURSUANT TO RULE 11**
Page 4

should do with that claim. Haynes contends that the claim against Judge Sotelo, the intemperate language in the complaint, Henreid's false assertions of service of Haynes and questionable assertions about the service of Skaggs, and the lack of any substantive basis for this claim show that the only reason for refusing to dismiss the action and continuing to proceed with the federal lawsuit is evidence that Henreid has no reason for continuing this case except to harass Haynes and Skaggs. That justifies the award of sanctions for refusing to dismiss the claim.

## 2. **FILING A LAWSUIT THAT IS LEGALLY OR FACTUALLY BASELESS IS GROUNDS FOR THE GRANTING OF SANCTIONS**

In determining whether to impose sanctions for a violation of Rule 11, the court is to consider whether the action is legally or factually baseless from an objective standard (that is, a reasonable lawyer standard) or if the lawyer conducted a "reasonable and competent" inquiry before signing and filing the action (Christian v. Mattel, Inc, 286 F. 3d 1118, 1127 (9th Cir. 2002)). Sanctions are only available in that "rare and exceptional case where the claim is clearly frivolous." (Operating Engineers Pension Trust v. A-C Company, 859 F.2d 1336, 1345 (9th Cir. 1988).

As the court said in the Christian v. Mattel matter, supra. at p. 1127:

> The attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are "warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir.1986). One of the fundamental purposes of Rule 11 is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, … [thereby] avoid[ing] delay and unnecessary expense in litigation." *Id.* At 1536 (internal quotation marks and citations omitted). Nonetheless, a finding of significant delay or expense is not required under Rule 11. Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has

**MOTION OF DEFENDANTS RICHARD SKAGGS AND RAYMOND N. HAYNES FOR SANCTIONS PURSUANT TO RULE 11**
Page 5

conducted "a reasonable and competent inquiry" before signing and filing it. *Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir.1997).

One could not think of a more baseless claim than the one before the case at bar. The Second District Court of Appeals said, in very clear language that, despite Henreid's claim to the contrary, the litigation privilege applied to the alleged defamation described in the federal complaint. One could give Henreid a little leeway on this matter, since the complaint was filed before the decision in the state court appeal, but once it was decided, and Henreid knew that contrary to Henreid's allegations the litigation privilege was absolute in this case. When the Second District Court of Appeals told Henreid that in its decision, Henreid should have dismissed the matter. He did not. In the three subsequent occasions when Haynes attempted to persuade Henreid to listen to reason, Henreid refused to dismiss the action. Instead, after the first notice, he amended his complaint and added Judge Sotelo and Skaggs to the case and pressed forward, refusing the request of Haynes to dismiss the case. To complicate the matter, he then made specious claims about the adequacy of the service of the summons in the lawsuit and filing a request to enter a default. Using these court filings also violates Rule 11.

Another factor to consider is the necessity to deter this behavior in the future. Henreid has made the specious arguments made in his complaint in other forums and his argument has been repudiated each time he has made the argument. Undeterred, Henreid continues to look for a favorable forum for his position, and, along the way, makes more and more outrageous claims. His complaint, the complaint he prepared, signed and filed in this court is peppered with questionable and outrageous allegations about Haynes and Judge Sotelo. Since he is a lawyer, his continuing abuse of the court process costs him nothing, and his behavior constitutes harassment of these Defendants. For reasons that are not fathomable, Henreid seems to believe that the more far-fetched his allegations, the more likely it is that someone will believe him. Nothing but sanctions will stop his behavior.

Skaggs and Haynes have expended over 20 hours responding to Henreid's emails and pleadings. A full and detailed explanation of those charges are attached to the declaration of Raymond Haynes. Haynes billing rate is $500/hour, and he is paid that amount by his clients when he represent them for an hourly fee.

**MOTION OF DEFENDANTS RICHARD SKAGGS AND RAYMOND N. HAYNES FOR SANCTIONS PURSUANT TO RULE 11**
Page 6

Based on that, Haynes and Skaggs respectfullin request a sanction award of $10,000.00 against Henreid, enough to compensate them for the cost of responding to Henreid's complaint and deter Henreid from continuing his harassing behavior towards Haynes and Skaggs.

Dated: August 8, 2024

By: /s/ *Raymond N. Haynes*
Raymond N. Haynes
Attorney for Defendants Raymond Neal Haynes and Richard Skaggs