1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL HENREID,                              No.  2:23-cv-2797-DJC-SCR

12                    Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14    RAYMOND NEAL HAYNES, DAVID
      SOTELO, and RICHARD SKAGGS,
15
                      Defendants.
16

17

18         Plaintiff Paul Henreid is proceeding pro se in this action, which was referred to the

19    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff is

20    effectively seeking to relitigate in federal court a defamation lawsuit that he pursued and lost in

21    state court.  Pending before the undersigned is a joint motion by Defendants Richard Skaggs and

22    Raymond Haynes to dismiss this action for failure to state a claim (ECF No. 17), their joint

23    motion for $10,000 in sanctions (ECF No. 18), and Defendant Judge David Sotelo's motion to

24    dismiss this action both for lack of subject matter jurisdiction and failure to state a claim (ECF

25    No. 19).  As explained below, the undersigned recommends that the Court dismiss all causes of

26    action without leave to amend and grant the motion for sanctions in full.

27    ////

28    ////

                                                 1

1

**BACKGROUND AND PROCEDURAL HISTORY**

2

**I.     The Underlying Defamation Litigation in State Court**

3      In 2018, Plaintiff was a member of the Oso Town Council until 20-year-old allegations of

4   criminal activity resurfaced.  ECF No. 17-1 at 6.  He was accused in 1999 of videotaping sexual

5   encounters with various dates via hidden camera without their knowledge while working as a

6   male dancer and attending law school in Missouri.  *Id.* at 179.  The charges were later expunged

7   pursuant to Missouri law, but Plaintiff still agreed to resign from the Council after it learned about

8   this history.  *Id.* at 6-7.  When someone applied to fill the vacancy, Skaggs—then-president of the

9   Council—sent an email to the other Council members stating that the Council would not be

10  deceived like it was with "Paul Henreid, who has a history of criminal convictions[.]"  *Id.* at 7.

11      Based on Skaggs' email, Plaintiff filed a lawsuit against him in Los Angeles County

12  Superior Court ("LASC"), *Henreid v. Skaggs*, Case No. 19STCV20592 ("*Henreid I*"), alleging

13  defamation per se and invasion of privacy by false light.  *Id.*  Haynes represented Skaggs in that

14  action, while Judge Sotelo, who has since retired from the LASC, presided over the jury trial.

15  ECF No. 5 (First Amended Complaint ("FAC")) at 6.

16      Plaintiff moved for summary judgment in *Henreid I* to no avail.  ECF No. 17-1 at 7.

17  Shortly thereafter, pursuant to a motion in limine by Skaggs, the court held that Plaintiff was

18  either a public figure or involved in a matter of public concern.  *Id.* at 7-8.  Plaintiff therefore

19  needed to prove actual malice by clear and convincing evidence to prevail on a claim for

20  defamation.  *Id.* at 8.  After a June 2021 trial, the jury found that although Skaggs had made false

21  statements, Plaintiff failed to show by clear and convincing evidence that Skaggs either knew the

22  statements were false or had serious doubts about their veracity.  *Id.* at 10.

23      Plaintiff appealed the jury verdict by way of *Henreid v. Skaggs*, Case No. B314741

24  (*Henreid II*).  ECF No. 17-1 at 10.  On February 10, 2023, after Plaintiff appealed the verdict and

25  Judge Sotelo had retired, Plaintiff moved in *Henreid I* to strike from the record any allegations of

26  Plaintiff's criminal conduct (collectively "Representations").  ECF No. 17-1 at 29-30.  He also

27  moved to sanction Haynes and hold him in contempt for spreading the Representations via his

28  Objection to Plaintiff's proposed Statement on Appeal, despite knowing the Representations were

1  false.  *Id.* at 30.  Plaintiff argued that although Haynes had invoked the litigation privilege in an

2  email to Plaintiff, this privilege did not apply to "premeditated, libelous, and criminal

3  misrepresentations to courts[.]"  *Id.* at 37, 43.  Haynes and Skaggs opposed the motion for

4  sanctions on April 27, 2023.  *Id.* at 46, 51.

5          On July 10, 2023, Superior Court Judge Anne Richardson granted the motion in *Henreid I*

6  to strike the Representations from Haynes and Skaggs' Objection to Plaintiff's proposed

7  Statement on Appeal.  ECF No. 21 at 42, 44.  Judge Richardson also sealed any reference to the

8  Representations in the Objection, the opposition brief to Plaintiff's motion for sanctions, and her

9  own order.  *Id.* at 43.  Citing California Rules of Court, Rule 2.550(d), she held there was "an

10 overriding interest in protecting" Plaintiff from having the erroneous Representations reproduced

11 in the public sphere.  *Id.*  Judge Richardson denied the request for sanctions, however, because

12 she found insufficient evidence that Skaggs had engaged in or agreed to any deceit or collusion.

13 *Id.*  She also advised Plaintiff that this only extended to the trial court record, and that sealing

14 such Representations in the appellate record would require a separate motion in *Henreid II*.  *Id.*

15 By then Plaintiff had already filed for sanctions in *Henreid II* based on the reiteration of

16 Representations in the appellate record.  ECF No. 17-1 at 62-63, 82.

17         On February 16, 2024, the appellate court in *Henreid II* affirmed the judgment of *Henreid*

18 *I*.  ECF No. 17-1 at 5, 27.  Because Plaintiff did not oppose Skaggs and Haynes' motion in limine

19 at the time, the court held Plaintiff failed to preserve any objection to Judge Sotelo's finding that

20 the heightened standard for a public figure defamation claim applied.  *Id.* at 15.  Plaintiff also

21 failed to provide an adequate record for review of that decision.  *Id.* at 16.  The appellate court

22 also found that Plaintiff failed to show that Judge Sotelo had erred in his evidentiary rulings for

23 *Henreid I*.  *Id.* at 20.

24         The court in *Henreid II* also denied Plaintiff's motion for sanctions against Haynes

25 because he failed to show that Haynes' conduct qualified for sanctions under California Rules of

26 Court, rule 8.276(a).  *Id.* at 26.  As to Plaintiff's request to redact any reference to the

27 Representations in the appellate record, the court found that he had failed to file a properly

28 noticed motion to that effect.  *Id.*

**II.    Allegations in the First Amended Complaint**

Plaintiff is an attorney in good standing with the California Bar.  He commenced this action on December 1, 2023, by filing a complaint naming Haynes as the sole defendant.  ECF No. 1.  The First Amended Complaint ("FAC"), filed May 13, 2024, is the operative pleading and added Skaggs and Judge Sotelo as Defendants.

The FAC alleges that as part of *Henreid I*, Skaggs and Haynes "intentionally and repeatedly" lied about Plaintiff having a "conviction for statutory rape, and the charges for distributing child pornography and child molestation … [and] child abuse" (collectively, the "Representations").  FAC at 8.  Since *Henreid I* began, Plaintiff used judicially noticed government records to establish the Representations were not true.  *Id.*  Plaintiff accuses Skaggs and Haynes of intentionally discrediting and defaming Plaintiff through these knowingly false assertions, including by tying them more strongly to him by using his name instead of "Plaintiff." *Id.* at 8-9.  Skaggs and Haynes sought to use court filings to spread the Representations online, insofar as searching Plaintiff's name would yield snippets of filings that repeated the Representations.  *Id.* at 9.

The FAC alleges that Judge Sotelo's decision on Plaintiff's motion for summary judgment in *Henreid I*, dated February 2, 2021, stated that one claim "factually involved a 'sex crime' with a minor[.]"  *Id.* at 23.  The FAC alleges that this excerpt, once republished online, would make Plaintiff look guilty of a crime even though the charges were dismissed decades ago and the case was closed and confidential under Missouri law.  *Id.* at 24-25.  Plaintiff moved for reconsideration of Judge Sotelo's ruling on February 18, 2021, but the judge's modified ruling still contained these "defamatory fabrications[.]"  *Id.* at 25.  Judge Sotelo then repeated them in a subsequent ruling on a different motion.  *Id.*

On June 11, 2021, the jury in *Henreid I* returned a verdict in Skaggs' favor because Plaintiff failed to show that Skaggs knew the Representations were false or acted with reckless disregard for that possibility.  *Id.* at 20.  The FAC argues that the jury only applied this standard because Judge Sotelo ruled that Plaintiff was a public figure.  *Id.*  The FAC also alleges that Judge Sotelo should not have even submitted the truth of the Representations to the jury, and that

4

1    he did so because it provided another opportunity for Plaintiff to lose. *Id.* at 20, 25.

2           On October 11, 2022, Plaintiff emailed Skaggs and Haynes a "Demand to Retract

3    Defamatory Statements From Public Court Record[.]" *Id.* at 9. Haynes denied that he had done

4    anything wrong and threatened to move for Rule 11 sanctions if Plaintiff did not withdraw the

5    demand.[1] *Id.* Haynes filed for such sanctions on the same day that Plaintiff moved for summary

6    judgment in *Henreid I*, on the basis that whether Plaintiff had a criminal record was a question of

7    law to be resolved by a judge rather than a jury. *Id.* at 9-10.

8           The FAC also alleges that Judge Sotelo emboldened Haynes and Skaggs by continuously

9    ruling in their favor even when the law unambiguously agreed with Plaintiff. *Id.* at 10. Judge

10   Sotelo improperly prevented Plaintiff from showing the jury laws that Plaintiff believes would

11   have exposed Judge Sotelo's erroneous legal rulings. *Id.* at 19. He allowed Haynes to testify at

12   trial because Skaggs was absent, and to submit irrelevant newspaper articles during cross-

13   examination of Plaintiff despite this exceeding the scope of permissible cross-examination. *Id.* at

14   28. Judge Sotelo retired one day after Plaintiff filed his opening brief in his appeal of *Henreid I*.

15   *Id.* at 10.

16          Plaintiff also complains of Defendants' actions with respect to *Henreid II*. *Id.* On January

17   13, 2023, despite being retired, Judge Sotelo issue a Settled Statement of Appeal for the Record

18   on Appeal ("Statement of Appeal"), which still included the Representations. *Id.* at 11. Haynes

19   then admitted during appellate oral argument on November 30, 2023 that he had made mistakes,

20   only to repeat the Representations thirty seconds later. *Id.*

21          The FAC asserts the following causes of action: First, Plaintiff asserts a claim for

22   defamation per se based the allegation that Defendants repeated the Representations while

23   *Henreid I* was on appeal, both in the trial court record and the Statement of Appeal. *Id.* at 14.

24   Second, Plaintiff alleges fraud based on Defendants' attempt to improperly leverage the legal

25   system, by having the Representations from court filings spread online so Defendants can later

26   use the affirmative defense in some states that protects those who rely on "contents of public

27

28   _____

[1] One presumes that Plaintiff meant Rule 11 of the Federal Rules of Criminal Procedure, even though *Henreid I* was in state court and subject to state procedural rules.

records." *Id.* at 14-15.  Third, Plaintiff alleges negligence as to just Skaggs and Haynes for

making the damaging and clearly erroneous Representations.  *Id.* at 36.  The FAC also alleges

"negligence per se" as to these two Defendants because charges from a dismissed case are made

confidential by California law, and their disclosure was therefore illegal.[2]  *Id.* at 36 (citing Cal.

Penal Code § 13303; Cal. Rules of the Court, Rule 2.503).

      The FAC separately alleges tax fraud based on an income tax notice he received on

August 30, 2023, alleging he owed $11,890.95 to the Franchise Tax Board ("FTB") for the 2020

tax year.  *Id.* at 34.  Plaintiff lived in Oklahoma between 2018 and 2021, yet he never received

such a notice for any other year that he was not living and earning an income in California.  *Id.* at

34-35.  In October 2023, the FTB removed the income tax notice and explained it had stemmed

from Plaintiff having an active law license throughout 2020 and not filing a return, despite his law

license being active since 2001.  *Id.* at 34.  Plaintiff ties this notice to Haynes' status as a veteran

California litigator with many governmental connections.  *Id.* at 35.  It accuses Defendants of

colluding with the government to retaliate against Plaintiff for questioning Skaggs about the

Council, its use of funds, and its relationship with the IRS.  *Id.*

      The FAC seeks $1,000,000 in economic and non-economic damages, for pain and

suffering, and punitive damages.  *Id.* at 37.  It also seeks injunctive relief enjoining Defendants

from continuing to spread the Representations and compelling them to redact or delete them from

the public court record, databases, and any other records on the internet or in print.  *Id.*

### III.    Pending Motions

      Defendants Skaggs and Haynes filed both of their motions on August 24, 2024.  ECF Nos.

17-18.  Judge Sotelo filed his motion to dismiss the FAC as against him on September 9, 2024.

ECF No. 19.  Plaintiff has filed opposition briefs and other responses to the motions and

////

---

[2]  Although the FAC's title page also alleges "Invasion of Privacy – False Light and Intrusion Upon Seclusion" and "Intentional Infliction of Emotional Distress" ("IIED"), the FAC itself does not explain either claim.  FAC at 2.  Although the former mirrors *Henreid I*, the FAC emphasizes argues that the defamation at issue in this action is separate from the defamation therein.  FAC at 8.

1  Defendants have filed replies.[3]  The motions are fully briefed and were taken under submission

2  without oral argument.

3  **LEGAL STANDARDS**

4  **I.    Motion to Dismiss**

5  A defendant may move to dismiss a claim under Rule 12(b)(1) if the court lacks subject-

6  matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Alternatively, a defendant may move to dismiss a

7  claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be

8  granted."  Fed. R. Civ. P. 12(b)(6).  To survive, the plaintiff's complaint "must contain sufficient

9  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

10  *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

11  (2007)).

12  A claim is facially plausible "when the plaintiff pleads factual content that allows the

13  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14  *Iqbal*, 556 U.S. at 678.  This standard is a "context-specific task that requires the reviewing court

15  to draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and to "draw all

16  reasonable inferences in favor of the nonmoving party." *Boquist v. Courtney*, 32 F.4th 764, 773

17  (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d

18  938, 945 (9th Cir. 2014) (internal quotation marks omitted).  Stating a claim "requires more than

19  labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

20  The factual allegations must be sufficient to "raise a right to relief above the speculative level"

21  and "raise a reasonable expectation that discovery will reveal evidence" needed to support the

22  claim.  *Id*. at 556.

23  On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the

24  complaint by reference, as well as evidence properly subject to judicial notice.  *Weston Fam.*

25  *P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617-18 (9th Cir. 2022).  "Ultimately, dismissal is

26

27  [3]  On March 4, 2025, Plaintiff filed notice of related cases, including *Henreid I* and *Henreid v.*
*Feuer et al*, Case No. 2:25-cv-01379-DSF-PVC (C.D. Cal. Feb. 18, 2025).  ECF No. 36.  No

28  action is required as to that notice.

1   proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of

2   facts to support its claims." *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks

3   omitted) (cleaned up).  A pro se plaintiff's factual allegations are interpreted liberally on a

4   12(b)(6) motion, and the court must apply a less stringent pleading standard than if the plaintiff

5   was represented by counsel.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

6          The court may dismiss for failure to state a claim when the allegations of the complaint

7   and judicially noticeable materials establish an affirmative defense or other bar to recovery, such

8   as the expiration of the statute of limitations.  *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th

9   Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Goddard v. Google Inc.*,

10  640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely

11  serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of

12  the [c]omplaint").  However, dismissal under Rule 12(b)(6) is improper if the allegations of the

13  complaint and judicially noticeable materials concerning the defense raise disputed issues of fact.

14  *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Scott v.*

15  *Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

16          A pro se litigant is entitled to notice of the deficiencies in the complaint and an

17  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See*

18  *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

19  **II.    Motion for Sanctions**

20          Whenever filing a pleading, written motion, or other paper with the court, the attorney or

21  unrepresented party implicitly:

22          certifies to the best of their knowledge, information, and belief,
            formed after an inquiry reasonable under the circumstances:

23

24          (1) it is not being presented for any improper purpose, such as to
                harass, cause unnecessary delay, or needlessly increase the cost
25              of litigation;

26          (2) the claims, defenses, and other legal contentions are warranted
                by existing law or by a nonfrivolous argument for extending,
27              modifying, or reversing existing law or for establishing new law;

28          (3) the factual contentions have evidentiary support or, if specifically
                so identified, will likely have evidentiary support after a

8

reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  When making such certification, a party or its counsel has a duty to both "conduct a reasonable factual investigation" and "perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'"  *Christian v. Mattel, Inc*, 286 F. 3d 1118, 1127 (9th Cir. 2002) (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir.1986)).

   A party may move for the court to award sanctions based on a violation of Rule 11(b) by filing a separate motion outlining the specific conduct that allegedly violates this rule.  Fed. R. Civ. P. 11(c)(1)-(2).  When the complaint is the subject of the motion, the court must ask "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it."  *Christian*, 286 F. 3d at 1127 (citing *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

   If the court grants the motion, the amount of such sanction must be limited to an amount sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  This can include, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  *Id.*

## ANALYSIS

### I.    Judicial Notice

   A court may judicially notice facts when they are "not subject to reasonable dispute because," *inter alia*, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

#### A.  Defendants' Requests

   Defendants Haynes and Skaggs seek judicial notice of (1) the decision in *Henreid II*, filed February 16, 2024 ("Exhibit 1") (ECF No. 17-1 at 4-27); (2) Plaintiff's motion for sanctions in

9

1     *Henreid I*, filed February 10, 2023 ("Exhibit 2") (ECF No. 17-1 at 28-44); (3) Skagg's opposition

2     thereto, filed in May 2023 ("Exhibit 3") (ECF No. 17-1 at 45-60); (4) Plaintiff's motion for

3     sanctions in *Henreid II* ("Exhibit 4") (ECF No. 17-1 at 61-84); (5) Designation of Record on

4     Appeal by Plaintiff ("Exhibit 5") (ECF No. 17-1 at 85-90); (6) Plaintiff's motion to augment the

5     record of *Henreid II* ("Exhibit 6") (ECF No. 17-1 at 91-104); (7) a Minute Order on the Settled

6     Statement ("Exhibit 7") (ECF No. 17-1 at 105-106); (8) a Record of Proceedings on the Settled

7     Statement ("Exhibit 8") (ECF No. 17-1 at 107-167); (9) the Final Settled Statement ("Exhibit 9")

8     (ECF No. 17-1 at 168-177); and (10) an article entitled *From 1999: Law student who taped sex*

9     *partners gets jail term* by *The Post-Dispatch*, dated August 28, 1999 ("Exhibit 10") (ECF No. 17-

10     1 at 178-180).  ECF No. 17-1 at 2-3.

11        Plaintiff objects to judicial notice of Exhibits 1, 3, 5, and 7-10.  Plaintiff first argues that

12     these documents are not relevant at the pleading stage because the court must take the pleadings

13     as true.  ECF No. 23 at 1.  It is, of course, nonsense to suggest that a court may not take judicial

14     notice of properly noticeable records at the motion to dismiss stage.  *See Khoja v. Orexigen*

15     *Therapeutics, Inc*, 899 F.3d 988, 999 (9th Cir. 2018) ("[a] court may take judicial notice of

16     matters of public record without converting a motion to dismiss into a motion for summary

17     judgment").

18        As to Exhibit 1, Plaintiff then argues that California appellate opinions are not citeable if

19     unpublished.  ECF No. 23 at 2 (citing Cal. Rules of the Court, Rule 8.1115).  The applicable rule

20     includes an exception for cases "relevant under the doctrines of law of the case, res judicata, or

21     collateral estoppel[,]" with are among the arguments Defendants Haynes and Skaggs raise here.

22     Cal. Rules of the Court, Rule 8.1115(b)(1).  In any event, the California Rules of Court do not

23     apply in federal court.

24        Plaintiff then argues that as to Exhibit 1, no preclusive effect or litigation privilege

25     attaches to sanction motions.  ECF No. 23 at 2 (citing *Wright v. Ripley*, 65 Cal.App.4th 1189,

26     1191 (Cal. Ct. App. 1998); *In re Marriage of Anka & Yeager*, 31 Cal. App. 5th 1115, 1121 (Cal.

27     Ct. App. 2019)).  As to Exhibit 3, Plaintiff argues that the relevant motion for sanctions was not

28     fully briefed because of the timing of service.  ECF No. 23 at 2-3.  As to Exhibits 7-9, Plaintiff

1    accuses Defendants of using the "convoluted mess" of litigation surrounding the Settled

2    Statement to selectively have specific facts judicially noticed.  *Id.* at 3.

3        These arguments are more relevant—if at all—to the merits of the pending motions, rather

4    than the request for judicial notice.  Additionally, these arguments fail to distinguish between

5    judicial notice of the documents and judicial notice of the allegations or assertions therein.  While

6    it is true that a court generally cannot consider as true the content of judicially noticed documents,

7    documents remain noticeable for other purposes.  *See Khoja*, 899 F.3d at 999-1000.

8        Plaintiff argues that Exhibit 5 is irrelevant, and that admission thereof would violate the

9    Best Evidence Rule because it was not the operative Designation of Record.  ECF No. 23 at 3.

10   After the Court of Appeal granted Plaintiff's motion to augment the record in *Henreid II*, it issued

11   a different Designation of Record that replaced the original.  *Id.*  The Best Evidence Rule

12   provides only that unless the Federal Rules of Evidence state otherwise, a litigant can only prove

13   the "content" of a "writing, recording, or photograph" through an original copy.  Fed. R. Evid.

14   1002.  The original Designation of Record is still relevant if Defendants seek to make arguments

15   based on what that Designation said, even if it did not remain the operative version.

16       Finally, Plaintiff argues that Exhibit 10 is a veiled attempt to inject an out-of-court

17   statement at the pleading stage to confuse the Court by repeating the same purported falsehoods

18   Defendants have spread about Plaintiff.  ECF No. 23 at 4-5; ECF No. 24 at 2.  Plaintiff again

19   mischaracterizes the extent of any judicial notice.  The Ninth Circuit has permitted judicial notice

20   of published articles as proof of "what was in the public realm at the time, not whether the

21   contents of those articles were in fact true."  *Von Saher v. Norton Simon Museum of Art at*

22   *Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citing *Premier Growth Fund v. Alliance Capital*

23   *Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2001)).  Defendants' motion cites the article to challenge

24   the FAC's defamation claim and the assertion that "no such *allegations*" of criminal conduct

25   "ever existed…"  ECF No. 17 at 8 (citing FAC at 5-6) (emphasis added).  Challenging this only

26   requires that the article made such allegations to the public, not that the allegations were true.

27   Defendants do not seek admission of this article for an improper purpose.

28       All ten of Skaggs and Haynes' requests for judicial notice are granted.  The Court

1  emphasizes, however, that judicial notice only extends to the authenticity and content of each

2  document, not to the truth of such contents.

3  **B. Plaintiff's Requests**

4  Plaintiff seeks judicial notice of (1) his response, filed June 1, 2023, to the court order in

5  *Henreid I* granting his motion to strike defamatory statements from Defendants' filings in the

6  court record (Exhibit A) (ECF No. 21-1 at 3-40); (2) the fact that the court docket shows

7  Defendants never replied to this response; (3) the order in *Henreid I* to redact defamatory per se

8  content from the public court record, dated July 10, 2023 (Exhibit C) (ECF No. 21-1 at 40-44);

9  (4) a letter from the State of California Department of Justice, dated September 10, 2018, stating

10  that a search for Plaintiff's fingerprints did not yield criminal records (Exhibit D) (ECF No. 21-1

11  at 45-46); (5) a No Match Notification from the Missouri Highway Patrol, dated February 17,

12  2020 (Exhibit E) (ECF No. 21-1 at 47-48); (6) a screenshot from Backgroundchecks.com of a

13  national criminal background check yielding no results for Plaintiff (Exhibit F) (ECF No. 21-1 at

14  49-57); and (7) an Audit Agreement with the Rural Town Council dated November 1, 2018

15  (Exhibit G) (ECF No. 21-1 at 58-59).

16  Plaintiff cites no authority suggesting that either Backgroundchecks.com or a handwritten

17  agreement could be "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

18  201(b)(2). Nor does Plaintiff provide any evidence that the docket would show no reply to

19  Exhibit A, as Plaintiff claims in his second request. Judicial notice is granted only as to Exhibits

20  A and C-E.

21  **II. Plaintiff's Purported "Tax Fraud" Claim**

22  Plaintiff argues that his claims are not precluded under the various doctrines discussed

23  below because the FAC's allegations of "tax fraud" have no connection to the underlying civil

24  actions. ECF No. 21 at 9. The FAC alleges that the FTB assessed Plaintiff for taxes owed in

25  2020 three years later, that Haynes has the government contacts necessary to collude with FTB by

26  virtue of his tenure with the Republican Party, and that the tax assessment is "no coincidence."

27  FAC at 35. However, there is no private cause of action for tax fraud as conceived by Plaintiff.

28  Tax fraud is a criminal offense that can be pursued by the proper government authorities, but not

1  private litigants.  Moreover, neither the FAC nor Plaintiff's opposition to the motion to dismiss

2  identify facts that would elevate the substance of his tax-related allegations beyond pure

3  speculation.  *See Twombly*, 550 U.S. at 556.   To the extent the FAC seeks to allege an

4  independent tax fraud claim, it suffers from incurable legal defects and should be dismissed

5  without leave to amend.  The remaining claims all concern *Henreid I* and *Henreid II*.

6       **III.       Haynes and Skaggs' Motion to Dismiss**

7            Defendants Haynes and Skaggs assert that Plaintiff's claims against them are entirely

8  barred by the litigation privilege.  ECF No. 17 at 7-9.  Defendants note that every reference to

9  purportedly defamatory comments is to Defendants' actions in *Henreid I* or *Henreid II*.  *Id.* at 8-9

10  (citing FAC at 5-6, 8, 11, 14, 16, 20, 22-23, 25-26, 36, 39).  Defendants identify the instant action

11  as the exact form of harassment that litigation privilege was designed to guard against.  *Id.* at 10.

12  They characterize the claims as the product of Plaintiff's frustration at the outcome of the

13  underlying civil actions, and as his attempt to retaliate at anyone who ever told him his prior

14  claims lacked legal basis.  *Id.*

15            The litigation privilege is a creature of California law.  Set out in California Civil Code §

16  47(b)(2), it "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2)

17  by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and

18  (4) that have some connection or logical relation to the action."  *Silberg v. Anderson*, 50 Cal. 3d

19  205, 212 (1990).  "The litigation privilege is absolute" and "[a]ny doubt as to whether the

20  privilege applies is resolved in favor of applying it."  *Gamble v. Kaiser Foundation Health Plan,*

21  *Inc.*, 348 F.Supp.3d 1003, 1029 (quotations omitted).

22       **A.  Plaintiff's Arguments**

23            Plaintiff argues that Haynes and Skaggs misrepresent the scope of the litigation privilege.

24  ECF No. 21 at 3.  He first argues that it does not protect "malicious and untruthful persons" like

25  Defendants, who he argues made defamatory statements during a jury trial, despite judicially

26  noticed documents establishing the falsehood of those statements.  *Id.* (quoting *Friedman v.*

27  *Knecht*, 248 Cal. App. 2d 455, 463 (Cal Ct. App. 1967)).

28            These documents, Plaintiff argues, also prevent Defendants from claiming the statements

1    had "reasonable relevance to the action." ECF No. 21 at 10-11 (citing *Financial Corp. of*

2    *America v. Wilburn*, 189 Cal.App.3d 764, 771 (Cal. Ct. App. 1987)). Because the

3    Representations in the underlying civil action were about convictions and not dismissed charges,

4    the allegations of dismissed charges were also not relevant to the civil action. ECF No. 21 at 11.

5    Plaintiff cites an order in *Henreid I* that struck—apparently through redactions—the

6    Representations from the record in that action on the basis that they were irrelevant, clearly

7    erroneous, and prejudicial if left unsealed. *Id.* at 11-12 (citing ECF No. 21-1 at 40-44). Plaintiff

8    argues that as the attorney of record, Haynes' refusal to stop repeating the Representations after

9    the redaction order proves malice, oppressiveness, and fraud. ECF No. 21 at 12-13 (citing Cal.

10    Civil Code § 3294).

11       Relatedly, Plaintiff argues that the statements at issue were not "[i]n the proper discharge

12    of an official duty" and would be exempt as false reports of someone committing a criminal act.

13    ECF No. 21 at 9-10 (citing Cal. Civil Code §§ 47(a), (b)(5). Plaintiff also cites case law

14    refraining from applying the privilege to "perjury (Pen. Code § 118 *et seq.*); subornation of

15    perjury (*id.* § 127); criminal prosecution under Business and Professions Code section 6128;

16    [and] false report of a criminal offense (Pen. Code § 148.5)[.]" ECF No. 21 at 10 (quoting *Action*

17    *Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1246 (Cal. Ct. App. 2007))

18    (corrected).

19       Finally, Plaintiff argues that even if litigation privilege attaches to Haynes and Skaggs'

20    statements, the privilege does not prevent attorneys from being sanctioned or held in contempt for

21    such statements. ECF No. 21 at 6-7 (citing *In re Marriage of Anka & Yeager*, 31 Cal. App. 5th at

22    1121; *Smith v. Hatch*, 271 Cal.App.2d 39, 50 (Cal. Ct. App. 1969)).

23    **B. Analysis**

24       Plaintiff's citation to Cal. Civil Code § 47(a) has no relevance because Cal. Civil Code §

25    47(b) is the source of the litigation privilege. One subsection of the statute concerns comments

26    made during judicial and legislative proceedings, while another concerns communications to or

27    reports in public journals of such proceedings. Cal. Civil Code §§ 47(b), (d)(1). This shows that

28    the subsections account for separate and mutually exclusive privileges. Additionally, the cited

1    exception for falsely reporting a crime only applies to "communication between a person and a

2    law enforcement agency[.]" Cal. Civil Code § 47(b)(5). The FAC never alleges that Defendants

3    made the representations outside of court, let alone to law enforcement.

4        Plaintiff's citation to *Friedman* discusses the policy reasons for the existence of the

5    litigation privilege, not its application. *See* 248 Cal. App. 2d at 462-63. In any case, the scope of

6    litigation privilege has since expanded. As Defendants note, although the litigation privilege was

7    originally enacted to apply only in defamation cases, it has since expanded to any relevant

8    communication and prevents the use thereof in any case except for malicious prosecution. ECF

9    No. 30 at 5; *Silberg v. Anderson*, 50 Cal.3d 205, 211 (Cal. 1990). The privilege even extends to

10   communications outside the courtroom and without involvement of the court or its officers, if the

11   communication was made to achieve the objects of the litigation. *Id.* (citing *Albertson* v. *Raboff*,

12   46 Cal.2d 375, 381 (Cal. 1956); *Rosenthal* v. *Irell & Manella*, 135 Cal. App. 3d 121, 126 (Cal.

13   Ct. App. 1982); *Pettitt* v. *Levy*, 28 Cal. App. 3d 484, 489 (Cal. Ct. App. 1972)).

14       Nor do any of the exemptions referenced in *Action Apartment Association* apply. *See* 41

15   Cal.4th at 1246. A private citizen like Plaintiff cannot bring an action for perjury, let alone use it

16   to defeat the litigation privilege. *See Lambert v. Carneghi*, 158 Cal.App.4th 1120, 1143 n.9 (Cal.

17   Ct. App. 2008) (citing *Pollock v. University of Southern California*, 112 Cal.App.4th 1416, 1429

18   (Cal. Ct. App. 2003)). A similar logic applies to a purported violation of Cal. Bus. and

19   Professions Code § 6128. *Action Apartment Association* emphasized that litigation privilege does

20   not apply when there is "criminal prosecution" under this statute, which the FAC does not allege.

21   *See* 41 Cal.4th at 1246. Finally, false report of a criminal offense only applies when the false

22   report is made to a peace officer or grand jury, which the FAC never alleges. *See* Cal. Penal

23   Code § 148.5(a)-(d).

24       The scope of matter relevant to *Henreid I* was also broader than Plaintiff asserts. The

25   FAC alleges that Judge Sotelo improperly ruled that because Plaintiff was a public figure, his

26   defamation claim required that Skaggs knew that the Representations were false or acted with

27   reckless disregard as to their truth when he first published them in 2019. FAC at 20. Whether

28   this was correct, past allegations of wrongdoing were therefore relevant to whether Skaggs could

1  have reasonably believed that Plaintiff was guilty of other wrongdoing.  The fact that judicially

2  noticed documents showed Plaintiff was never convicted of a crime did not end the inquiry.

3        Nor did the trial court's decision striking the Representations from the record in *Henreid I*

4  invalidate the litigation privilege.  *See* ECF No. 21-1 at 41-44.  Plaintiff argues that continuing to

5  spread the Representations demonstrates malice, oppressiveness, and fraud.  ECF No. 21 at 12-13

6  (citing Cal. Civil Code § 3294).  If a communication was legitimately related to the litigation,

7  however, the privilege can apply even if the communication was "fraudulent, perjurious,

8  unethical, or even illegal."  *Kashian v. Harriman*, 98 Cal.App.4th 892, 920 (Cal. Ct. App. 2002).

9  In any case, the order granting the motion to strike was clear that it did not apply to the ongoing

10 appellate proceedings, and that Plaintiff had failed to prove that Defendants had engaged in the

11 deceit or collusion necessary to merit sanctions.  ECF No. 21-1 at 43.  This shows that repeating

12 the Representations after the motion to strike them was granted did not necessarily render them

13 beyond the scope of the litigation privilege.

14        Finally, Plaintiff's argument that litigation privilege does not apply to sanction or

15 contempt proceedings is irrelevant.  One of the cases Plaintiff cites, *In re Marriage of Anka &*

16 *Yeager*, did hold that litigation privilege does not apply to sanctions imposed by the trial court.

17 31 Cal. App. 5th at 1121 (citing *In re Marriage of Davenport*, 194 Cal.App.4th 1507, 1527 (Cal.

18 Ct. App. 2011)).  The case it cites, however, distinguishes between contempt proceedings in the

19 same action and separate actions for tort liability.  *In re Marriage of Davenport*, 194 Cal.App.4th

20 at 1527.  The instant action is a separate action for tort liability under various theories, including

21 defamation and negligence.

22        **C. Conclusion**

23        Plaintiff has failed to articulate why the litigation privilege does not apply to any of the

24 Representations at issue in the FAC.  The court therefore recommends GRANTING the motion to

25 dismiss all claims against Haynes and Skaggs.  The court need not discuss Haynes and Skaggs'

26 arguments as to collateral estoppel.  *See* ECF No. 17 at 6-7.

27        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

28 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See*

1   *Akhtar*, 698 F.3d at 1213.  Here, Plaintiff's claims against Haynes and Skaggs fail as a matter of

2   law, and his opposition does not suggest that he can plead any facts to cure these defects.  Leave

3   to amend should be DENIED.

4   **III.    Judge Sotelo's Motion to Dismiss**

5       **A.  Rooker-Feldman Doctrine**

6       Under the *Rooker-Feldman* doctrine, federal district courts may not "review the final

7   determinations of a state court in judicial proceedings."  *Worldwide Church of God v. McNair, et*

8   *al.*, 805 F.2d 888, 890 (9th Cir. 1986).  The doctrine reflects the fact that the only federal court

9   with the jurisdiction to review state court decisions is the United States Supreme Court.  *See*

10  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Lower courts can review the

11  constitutionality of laws, but not the judgment of a state court in the application thereto in a

12  particular case.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

13      District courts therefore lack subject matter jurisdiction if the current claims are

14  "inextricably intertwined" with a state court decision and "the adjudication of the federal claims

15  would undercut the state ruling or require the district court to interpret the application of state

16  laws or procedural rules[.]"  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  This

17  doctrine is analogous to *res judicata*, insofar as the district court cannot act if "there has already

18  been actual consideration of and a decision on the issue presented."  *McNair*, 805 F.2d at 892

19  (quoting *Robinson v. Ariyoshi*, 753 F.2d 1468, 1472 (9th Cir. 1985)).

20      Judge Sotelo argues that the *Rooker-Feldman* doctrine applies because the FAC

21  challenges his decisions to, *inter alia*, prevent Plaintiff from citing statutory law to the jury in

22  *Henreid I*, allow submission of newspaper articles through cross-examination of Plaintiff, instruct

23  the jury to treat Plaintiff as a public figure for defamation purposes, leave the veracity of the

24  Representations as a question of fact-finding for the jury, and include language regarding

25  Plaintiff's former criminal charges in several of his orders.  ECF No. 19 at 8.

26      Plaintiff responds that while he does challenge the last point, the FAC only included the

27  remaining information as proof of the malice that led Judge Sotelo to allow Representations to

28  persist in court filings for *Henreid I.*  ECF No. 27 at 6.  Plaintiff adds that because Judge Sotelo

1    retired before Plaintiff filed his motion for sanctions, this court would not be undercutting any

2    ruling on such a motion. *Id.* at 7. Plaintiff further argues that the *Rooker-Feldman* doctrine only

3    applies to "state-court losers complaining of injuries" resulting from the loss, whereas Plaintiff

4    did not lose the motion to strike Representations from the state court record. *Id.* at 6-7 (quoting

5    *Los Molinos Mut. Water Co. v. Ekdahl*, 695 F. Supp. 3d 1174, 1192 (E.D. Cal. 2023) (quoting

6    *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 291-92 (2005))).

7        Judge Sotelo responds that in addition to Plaintiff admitting that the language in some of

8    Judge Sotelo's orders is at issue, the FAC's Prayer for Relief specifically asks for an order to

9    removing any damaging misrepresentations of Plaintiff's past from the state-court record. ECF

10   No. 32 at 4 (citing FAC at 37). This would, in turn, require this court to review whether the

11   language in such orders was defamatory. ECF No. 32 at 4. Judge Sotelo also argues that whether

12   Plaintiff was a "state-court loser" on his motion to strike in *Henreid I* is irrelevant because the

13   order granting that motion is not what Plaintiff asks this court to review. *Id.*

14       The court agrees that even if Judge Sotelo's order denying Plaintiff's motion for summary

15   judgement and subsequent orders are the only orders at issue, *Rooker-Feldman* bars the review

16   that Plaintiff requests. The motion for reconsideration quoted in the FAC underscores this point.

17   In that motion, Plaintiff argued that if Judge Sotelo did not remove allegations of Plaintiff's prior

18   criminal conduct from Judge Sotelo's previous order, "Plaintiff would have to sue the Court for

19   what the Ruling states is factually [sic] about dismissed charges twenty-five years later in order to

20   avoid having that statement become accepted as true in the future." FAC at 24. Despite that,

21   Judge Sotelo's final ruling still contained the contested language, and Plaintiff now asks to have

22   that language and similar statements removed from the public record. *Id.* at 24, 37.

23       Under the *Rooker-Feldman* doctrine, this court has no jurisdiction to review Judge

24   Sotelo's challenged orders, including any reference therein to Plaintiff's prior criminal charges.

25   This alone merits dismissal of the case against Judge Sotelo.

26   **B. Judicial Immunity**

27       Judges are entitled to absolute immunity from actions for damages "for their judicial acts,

28   even when such acts are in excess of jurisdiction, and are alleged to have been done maliciously

18

1    or corruptly." *Tagliavia v. County of Los Angeles*, 112 Cal. App. 3d 759, 761-62 (Cal Ct. App.

2    1980) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *see also Lund v. Cowan*, 5 F.4th 964,

3    972 (9th Cir. 2021) ("a judicial act does not stop being a judicial act even if the judge acted with

4    'malice or corruption of motive'") (citation omitted).  The Ninth Circuit has noted that although

5    judicial independence can result in unfairness to a litigant, that is precisely when "judicial

6    immunity may be more necessary to preserve judicial independence."  *Lund*, 5 F.4th at 971-72.

7    Judge Sotelo argues that this immunity merits dismissal of any claims against him in the FAC.

8    ECF No. 19 at 9-10.

9        Plaintiff first argues that this immunity does not apply to his allegations of tax fraud,

10   which did not concern any judicial action.  ECF No. 27 at 4.  While this is technically true, as

11   discussed above, Plaintiff cannot state a claim for tax fraud.  *See supra*.  Moreover, as to any

12   purported tax fraud cause of action, the allegations against Judge Sotelo are even less substantial

13   than those against Haynes.  Whereas the FAC alleges that Haynes had the political connections to

14   compel the FTB to issue a fraudulent tax assessment, it makes no such allegations about Judge

15   Sotelo.  *See* FAC at 35.  Plaintiff's tax fraud theories thus do nothing to pierce Judge Sotelo's

16   judicial immunity.

17       As to the remaining claims, the FAC alleges Judge Sotelo knew the Representations about

18   Plaintiff's criminal past were false.  ECF No. 27 at 5 (citing FAC at 38).  Plaintiff argues that

19   because judicially noticed documents demonstrated any such allegations were false, the presiding

20   judge effectively rewrote the applicable statute and therefore performed "a legislative and not a

21   judicial function."  ECF No. 27 at 5 (citing *Hung v. Wang*, 8 Cal. App. 4th 908, 931 (Cal. Ct.

22   App. 1992)).  The FAC also alleges that in the underlying litigation Defendants disclosed cases

23   made confidential by law, which violates the California Penal Code.  ECF No. 27 at 5 (citing

24   FAC at 39).  Plaintiff argues that committing a crime is not a "function normally performed by a

25   judge" and therefore is not protected under judicial immunity.  ECF No. 27 at 5 (quoting *Mireles*

26   *v. Waco*, 502 U.S. 9, 12 (1991)).

27       Plaintiff's arguments lack support.  The cited portion of *Hung* did not directly concern

28   judicial immunity.  8 Cal. App. 4th 931.  Rather, in *Hung* the Second District Court of Appeal

1    distinguished between the requirement that a court construe laws to avoid unconstitutionality

2    when possible and the prohibition against rewriting a statute to add provisions necessary to make

3    a statute constitutional.  *Id.* at 930-31.  Nothing shows that Judge Sotelo rewrote a statute in

4    *Henreid I.*  Even if he had, Plaintiff offers no authority suggesting that doing so would eliminate

5    judicial immunity.

6         Plaintiff also misrepresents *Mireles'* statement that particular acts, like ordering police to

7    execute a judicial order with excessive force, are not "normally performed by a judge."  502 U.S.

8    at 12 (citing *Stump* v. *Sparkman*, 435 U.S. 349, 362 (1978)).  In *Mireles*, the Court clarified that

9    "[i]f judicial immunity means anything," it cannot depend on whether a specific act was "in

10   error" or exceeded the bounds of a judge's authority.  502 U.S. at 12-13.  The Court held that

11   even an order directing police to use excessive force qualified for judicial immunity because it

12   was still related to the judicial function "of directing police officers to bring counsel in a pending

13   case before the court."  *Id.* at 13.  *Mireles'* holding thus undermines, rather than supports,

14   Plaintiff's position.

15        Assuming *arguendo* that Judge Sotelo's decisions were incorrect as a matter of law and

16   therefore exceeded his judicial authority, they were still related to such authority and therefore

17   immune from suit.

18        **C.  Conclusion**

19        Plaintiff's claims against Judge Sotelo are precluded by both the *Rooker-Feldman* doctrine

20   and judicial immunity.  The Court therefore recommends GRANTING the motion to dismiss all

21   causes of action against Judge Sotelo.

22        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

23   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See*

24   *Akhtar*, 698 F.3d at 1213.  Here, Plaintiff's claims against Sotelo are precluded as a matter of law,

25   and Plaintiff has not suggested that he can cure such defects. Leave to amend should be DENIED.

26   **IV.    Motion for Sanctions**

27        On February 16, 2024, the Second Appellate District of California issued a judgment in

28   *Henreid II* affirming Judge Sotelo's judgment in *Henreid I.*  ECF No. 17-1 at 5.  Although it

1  primarily denied Plaintiff's motion for sanctions against Haynes for other reasons, the court also

2  held in a footnote that the litigation privilege further supported the motion's denial.  *Id.* at 26.

3  Defendants Haynes and Skaggs argue that although Plaintiff filed the original complaint in this

4  action before that decision, he should have thereafter dismissed this action rather than filing an

5  amended complaint adding Skaggs and Judge Sotelo as Defendants.  ECF No. 18 at 6.

6      Haynes and Skaggs further argue that Plaintiff has repeated several of his current

7  arguments in other forums, seen them repudiated, and retaliated by making even more outrageous

8  claims in a new forum.  *Id.*  As a lawyer, Plaintiff can continue to harass Defendants with these

9  allegations at no cost to himself unless sanctions are imposed to deter him.  *Id.*  Haynes and

10  Skaggs therefore request that the court award them $10,000 in sanctions from Plaintiff, reflecting

11  20 hours of billable work by Haynes at $500 per hour.  *Id.* at 6-7; ECF No. 28 at 3.

12      Plaintiff first responds that because the FAC's allegations of tax fraud are new, no prior

13  court has ruled against them and Defendants cannot argue they are frivolous or covered by

14  litigation privilege.  ECF No. 22 at 1.  He then notes that when Judge Sotelo's successor in

15  *Henreid I* granted Plaintiff's motion to strike, she held that the record included "damaging and

16  clearly erroneous representations of his past criminal history" that should be sealed to prevent

17  their "reproduction in the public sphere."  *Id.* at 2 (citing ECF No. 21-1 at 43).  Third, because

18  Plaintiff never filed a separate motion for sanctions as the successor judge required, there was

19  never a full presentation or ruling on the merits concerning misconduct that occurred while

20  *Henreid I* was on appeal.  ECF No. 22 at 2.  Finally, many of the factual issues in this case were

21  never raised in *Henreid I* because of the "inherent conflict of interest" with Judge Sotelo, even

22  after he retired.  *Id.* at 2-3.

23      Plaintiff then argues that the Court should sanction Defendants Haynes and Skaggs, if

24  anyone, for filing a frivolous motion for sanctions.  *Id.* at 4-7.  Several of his arguments, however,

25  mirror those from his opposition to Haynes and Skaggs' motion to dismiss and fail for the same

26  reasons.  Plaintiff again cites California Rules of Court, Rule 8.1115's prohibition on citing

27  unpublished appellate opinions, and he again ignores Rule 8.1115(b)'s exception for opinions

28  "relevant under the doctrines of law of the case, res judicata, or collateral estoppel[.]"  *Compare*

1    ECF No. 22 at 4 *with* ECF No. 23 at 2.  Plaintiff's citation to *In re Marriage of Anka & Yeager*

2    again fails to distinguish between contempt proceedings in the original trial and tort litigation in a

3    new trial.  *Compare* ECF No. 22 at 4 *with* ECF No. 23 at 6-7.[4]

4        As to the *Henreid I* court's order granting Plaintiff's motion to strike, Haynes and Skaggs

5    note that the trial court's decision did not reflect any wrongdoing by Haynes.  ECF No. 26 at 2.  A

6    holistic reading of *Henreid I* court's analysis confirms this.  The court did agree that the statement

7    from an objection Skaggs filed misstated Plaintiff's expunged criminal history.  ECF No. 21-1 at

8    42.  It declined to impose sanctions, however, because it could not find that Skaggs had intended

9    to deceive the court or any party.  *Id.* at 43.  The order sealed portions of the record because of the

10   "overriding interest" in protecting Plaintiff, and the cited test does not even list defendant

11   misconduct or fraud among the relevant factors.  *Id.* (citing Cal. Rules of Court, Rule 2.550(d)).

12   In short, nothing in *Henreid I* could have reasonably made Plaintiff believe that he could file a

13   new action in federal court seeking to further litigation issues finally decided in state court.

14       Moreover, Plaintiff was put on notice by the appellate court in *Henreid II* that his claims

15   against Haynes and Skaggs are barred by the litigation privilege.  ECF No. 17-1 at 26.  In a

16   footnote invoking the litigation privilege, the appellate court cited authority demonstrating that

17   privilege attaches "to all publications, irrespective of their maliciousness."  *Id.* (quoting *RGC*

18   *Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.*, 56 Cal.App.5th 413, 435 (Cal. Ct. App. 2020)).

19   Haynes warned Plaintiff of similar authority in October 2022, which applied the litigation

20   privilege to statements "that are, or are alleged to be, fraudulent, perjurious, unethical, or even

21   illegal."  ECF No. 17-1 at 84 (quoting *Kashian*, 98 Cal.App.4th at 920).  Regardless, particularly

22   given that Plaintiff is an attorney, even perfunctory legal research would have revealed that the

23   legal theories he asserted in this lawsuit are meritless.

24       Finally, any perceived conflict of interest with Judge Sotelo is irrelevant to the question of

25   whether sanctions are warranted in the instant action.  In any event, Plaintiff's belief in a conflict

26   of interest stems solely from Judge Sotelo ruling against Plaintiff, in decisions which are

27

28   _____

[4] Plaintiff's argument regarding his tax fraud claim is disposed of by the explanation that such
claim should be dismissed with prejudice.

1  protected by judicial immunity.  *See supra*; ECF No. 22 at 2-3.

2          The various holdings from state court proceedings, combined with doctrines that

3  precluded their reintroduction in federal litigation, undermine any argument that Plaintiff

4  reasonably believed the claims raised in his FAC had merit.  Defendants have demonstrated that

5  the FAC's arguments are clearly not "warranted by existing law or by a nonfrivolous argument

6  for extending, modifying, or reversing existing law or for establishing new law[,]" and that

7  Plaintiff should have known as much.  *See* Fed. R. Civ. P. 11(b)(2).  Defendants Haynes and

8  Skaggs' motion for $10,000 in sanctions against Plaintiff should be GRANTED, and Plaintiff's

9  request for sanctions against Defendants DENIED.

10                                      **CONCLUSION**

11          Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

12      1.  Defendants Skaggs and Haynes' Motion to Dismiss (ECF No. 17) be GRANTED as to

13          all causes of action WITHOUT LEAVE TO AMEND;

14      2.  Defendant Judge Sotelo's Motion to Dismiss (ECF No. 19) be GRANTED as to all

15          causes of action WITHOUT LEAVE TO AMEND;

16      3.  Defendants Skaggs and Haynes' Motion for Sanctions against Plaintiff (ECF No. 18)

17          be GRANTED in the amount of $10,000.

18          These findings and recommendations are submitted to the United States District Judge

19  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

20  days after being served with these findings and recommendations, Plaintiff may file written

21  objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

22  Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

23  objections within the specified time may waive the right to appeal the District Court's order.

24  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25          **SO ORDERED**.

26  DATED: March 17, 2025

27  _____

28  SEAN C. RIORDAN
    UNITED STATES MAGISTRATE JUDGE

23