1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL HENREID,                              No. 2:23-cv-2797-DJC-SCR

12              Plaintiff,

13         v.                                    ORDER AND AMENDED FINDINGS AND
                                                 RECOMMENDATIONS
14    RAYMOND NEAL HAYNES, DAVID
      SOTELO, and RICHARD SKAGGS,
15
                Defendants.
16

17

18         Plaintiff Paul Henreid is proceeding pro se in this action, which was referred to the

19    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending

20    before the undersigned is a joint motion by Defendants Richard Skaggs and Raymond Haynes to

21    dismiss this action for failure to state a claim (ECF No. 17), their joint motion for $10,000 in

22    sanctions (ECF No. 18), and Defendant Judge David Sotelo's motion to dismiss this action both

23    for lack of subject matter jurisdiction and failure to state a claim (ECF No. 19). On March 18,

24    2025, the undersigned recommended the motions to dismiss be granted without leave to amend

25    and the motion for sanctions be granted. ECF No. 37. Plaintiff then filed objections to the

26    findings and recommendations (ECF No. 39) and a motion seeking leave to file a second

27    amended complaint (ECF No. 40). Plaintiff also moved to recuse the undersigned. ECF No. 41.

28    The undersigned issues these amended findings and recommendations to address Plaintiff's

                                                   1

1   objections and new motions, along with the other pending motions.

2       In this action, Plaintiff is effectively seeking to relitigate in federal court a defamation

3   lawsuit that he pursued and lost in state court.  Plaintiff alleges defamation and other causes of

4   action against Skaggs (the defendant in the underlying defamation lawsuit), Haynes (who

5   represented Skaggs in that lawsuit), and Judge Sotelo (the state court judge in that lawsuit).  As

6   explained below, Plaintiff's asserted causes of action are either barred by the litigation privilege,

7   absolute immunity, or are not cognizable.  The undersigned accordingly recommends that the

8   Court dismiss all causes of action without leave to amend and grant the motion for sanctions in

9   full.  The undersigned also denies Plaintiff's recusal motion.

10                      **BACKGROUND AND PROCEDURAL HISTORY**

11      **I.       The Underlying Defamation Litigation in State Court**

12      In 2018, Plaintiff was a member of the Oso Town Council ("Council"), a local group in an

13  unincorporated community in Los Angeles County, until a 20-year-old allegation of criminal

14  activity resurfaced.  ECF No. 17-1 at 6.  In 1999, Plaintiff had been accused of using a hidden

15  camera to record sexual encounters with various dates without their knowledge in Missouri.  *Id.* at

16  179.  The charges were later expunged pursuant to Missouri law, but Plaintiff still agreed to

17  resign from the Council after it learned about this history.  *Id.* at 6-7.  When someone applied to

18  fill the vacancy, Defendant Skaggs—then-president of the Council—sent an email to the other

19  Council members stating that the Council would not be deceived like it was with "Paul Henreid,

20  who has a history of criminal convictions[.]"[1]  *Id.* at 7.

21      Based on Skaggs' email, Plaintiff filed a lawsuit against him in Los Angeles County

22  Superior Court ("LASC"), *Henreid v. Skaggs*, Case No. 19STCV20592 ("*Henreid I*"), alleging

23  defamation per se and invasion of privacy by false light.  *Id.*  Defendant Haynes represented

24  Skaggs in that action, while Defendant Judge Sotelo, who has since retired from the LASC,

25  presided over the jury trial.  ECF No. 5 (First Amended Complaint ("FAC")) at 6.

26      Prior to trial, Judge Sotelo ruled that Plaintiff was either a public figure or involved in a

27  ───────────────

28  [1] The email contained a brief additional phrase characterizing Plaintiff's alleged criminal conduct
    that the Court will not repeat here.

                                        2

1  matter of public concern and therefore needed to prove actual malice by clear and convincing

2  evidence to prevail on his defamation claim.  ECF No. 17-1 at 8.  At trial, the jury found that

3  although Skaggs had made false statements about Plaintiff, Plaintiff failed to show by clear and

4  convincing evidence that Skaggs either knew the statements were false or had serious doubts

5  about their veracity.  *Id.* at 10.  Judge Sotelo entered judgment against Plaintiff.

6         Plaintiff appealed.  *See Henreid v. Skaggs*, Case No. B314741 (Ct. of App. 2d App. Dist.)

7  ("*Henreid II*"); ECF No. 17-1 at 10.  On February 10, 2023, while the appeal was pending and

8  after Judge Sotelo's retirement, Plaintiff moved the LASC to strike from the trial court record any

9  allegations of criminal conduct by Plaintiff (collectively, the "Representations").[2]  ECF No. 17-1

10  at 29-30.  He also moved to sanction Haynes and hold him in contempt for spreading the

11  Representations through an objection to Plaintiff's proposed Statement on Appeal, despite

12  knowing the Representations were false.  *Id.* at 30.  Plaintiff argued that although Haynes had

13  invoked the litigation privilege in an email to Plaintiff, this privilege did not apply to

14  "premeditated, libelous, and criminal misrepresentations to courts[.]"  *Id.* at 37, 43.  Haynes and

15  Skaggs opposed the motion for sanctions on April 27, 2023.  *Id.* at 46, 51.

16         On July 10, 2023, LASC Judge Anne Richardson granted Plaintiff's motion to strike the

17  Representations from Haynes' objection to Plaintiff's proposed Statement on Appeal.  ECF No.

18  21-1 at 42, 44.  Judge Richardson also struck from the record and sealed any reference to the

19  Representations in the objection, the opposition brief to Plaintiff's motion for sanctions, and her

20  own order.  *Id.* at 42-43.  Citing California Rules of Court, Rule 2.550(d), she held there was "an

21  overriding interest in protecting" Plaintiff from having the erroneous Representations reproduced

22  in the public sphere.  *Id.* at 43.  Judge Richardson denied the request for sanctions, however,

23  because she found insufficient evidence that Skaggs had engaged in or agreed to any deceit or

24  collusion.  *Id.*  She also advised Plaintiff that her rulings extended only to the trial court record,

25  and that sealing such Representations in the appellate record would require a separate request to

26

27    [2] As the FAC in the instant action indicates, the specific Representations to which Plaintiff

28  objects are that he has a "conviction for statutory rape" and was "charge[d]" with "distributing
child pornography and child molestation … [and] child abuse."  ECF No. 5 at 8.

3

the appellate court.  *Id.*  By then Plaintiff had already sought sanctions in *Henreid II* based on the reiteration of Representations in the appellate record.  ECF No. 17-1 at 62-63, 82.

On February 16, 2024, the appellate court in *Henreid II* affirmed the LASC's judgment against Plaintiff.  ECF No. 17-1 at 5, 27.  Because Plaintiff had not objected to Skaggs' pre-trial motion concerning a heightened standard of proof, the *Henreid II* court held Plaintiff failed to preserve any such objection for appeal.  *Id.* at 15.  Plaintiff also failed to provide an adequate record for review of that issue.  *Id.* at 16.  The appellate court also found that Plaintiff failed to show that Judge Sotelo had erred in his rulings in *Henreid I*.  *Id.* at 20.

The *Henreid II* court also denied Plaintiff's motion for sanctions against Haynes, finding he failed to show that Haynes' conduct was sanctionable under the California Rules of Court.  *Id.* at 26.  As to Plaintiff's request to redact any reference to the Representations in the appellate record, the court found that he had failed to file a properly noticed motion to that effect.  *Id.*

## II.    Allegations in the First Amended Complaint

Plaintiff, an attorney in good standing with the California Bar, commenced this action on December 1, 2023.  The initial complaint named Haynes as the sole defendant.  ECF No. 1.  The operative FAC, filed May 13, 2024, adds Skaggs and Judge Sotelo as defendants.

The FAC alleges that in filings made in *Henreid I*, Skaggs and Haynes "intentionally and repeatedly" lied about Plaintiff having a "conviction for statutory rape, and the charges for distributing child pornography and child molestation … [and] child abuse" (again, collectively referred to as the "Representations").  FAC at 8.  Judicially noticed government records establish that the Representations are not true.  *Id.*  Plaintiff accuses Skaggs and Haynes of intentionally discrediting and defaming Plaintiff through these knowingly false assertions, including by using his name instead of "Plaintiff."  *Id.* at 8-9.  Skaggs and Haynes sought to use court filings to spread the Representations online, insofar as searching Plaintiff's name would yield snippets of filings that repeated the Representations.  *Id.* at 9.

The FAC further alleges that Judge Sotelo's ruling on Plaintiff's motion for summary judgment in *Henreid I*, dated February 2, 2021, stated that one claim "factually involved a 'sex crime' with a minor[.]"  *Id.* at 23.  The FAC alleges that this statement, once republished online,

would make Plaintiff look guilty of a crime even though the charges were dismissed decades ago and the case is deemed confidential under Missouri law. *Id.* at 24-25. Plaintiff moved for reconsideration of Judge Sotelo's summary judgment ruling, but Judge Sotelo's amended ruling still contained these "defamatory fabrications[.]" *Id.* at 25. Judge Sotelo then repeated them in a subsequent ruling on a different motion. *Id.*

On June 11, 2021, the jury in *Henreid I* returned a verdict in Skaggs' favor because Plaintiff failed to show that Skaggs knew the Representations were false or acted with reckless disregard for that possibility. *Id.* at 20. The FAC argues that the jury only applied this standard because Judge Sotelo ruled that Plaintiff was a public figure. *Id.* The FAC also alleges that Judge Sotelo should not have even submitted the truth of the Representations to the jury, and that he did so because it provided another opportunity for Plaintiff to lose. *Id.* at 20, 25.

On October 11, 2022, Plaintiff emailed Skaggs and Haynes a "Demand to Retract Defamatory Statements From Public Court Record[.]" *Id.* at 9. Haynes denied that he had done anything wrong and threatened to move for Rule 11 sanctions if Plaintiff did not withdraw the demand.[3] *Id.* Haynes filed for such sanctions on the same day that Plaintiff moved for summary judgment in *Henreid I*, on the basis that whether Plaintiff had a criminal record was a question of law to be resolved by a judge rather than a jury. *Id.* at 9-10.

The FAC also alleges that Judge Sotelo emboldened Haynes and Skaggs by continuously ruling in their favor, even when the law unambiguously favored Plaintiff. *Id.* at 10. Judge Sotelo improperly prevented Plaintiff from showing the jury laws that Plaintiff believes would have exposed Judge Sotelo's erroneous legal rulings. *Id.* at 19. He allowed Haynes to testify at trial because Skaggs was absent, and to submit irrelevant newspaper articles during cross-examination of Plaintiff, despite this exceeding the scope of permissible cross-examination. *Id.* at 28. Judge Sotelo retired one day after Plaintiff filed his opening appellate brief in *Henreid II*. *Id.* at 10.

Plaintiff also complains of Defendants' actions with respect to *Henreid II*. *Id.* On January 13, 2023, despite being retired, Judge Sotelo issue a Settled Statement of Appeal for the Record

---

[3] One presumes that Plaintiff meant Rule 11 of the Federal Rules of Criminal Procedure, even though *Henreid I* was in state court and subject to state procedural rules.

1    on Appeal ("Settled Statement"), which still included the Representations.  *Id.* at 11.  Haynes then

2    admitted during appellate oral argument on November 30, 2023 that he had made mistakes, only

3    to repeat the Representations thirty seconds later.  *Id.*

4        The FAC asserts the following causes of action and theories of liability:  (1) defamation

5    *per se* based on the allegation that Defendants repeated the Representations while *Henreid I* was

6    on appeal, both in the trial court record and the Settled Statement; (2) fraud based on Defendants'

7    attempt to improperly leverage the legal system, by spreading the Representations from court

8    filings online so Defendants could later use the affirmative defense in some states that protects

9    reliance on "contents of public records"; (3) negligence as to Skaggs and Haynes, for making the

10   damaging and clearly erroneous Representations; and (4) negligence *per se* as to Skaggs and

11   Haynes, because charges from a dismissed case are made confidential by California law, and

12   disclosure of those charges was therefore illegal.[4]  ECF No. 5 at 14-15, 36 (citing Cal. Penal Code

13   § 13303; Cal. Rules of the Court, Rule 2.503).

14       The FAC separately alleges tax fraud based on an income tax notice Plaintiff received on

15   August 30, 2023, alleging he owed $11,890.95 to the Franchise Tax Board ("FTB") for the 2020

16   tax year.  *Id.* at 34.  Plaintiff lived in Oklahoma between 2018 and 2021, yet he never received

17   such a notice for any other year that he was not living and earning an income in California.  *Id.* at

18   34-35.  In October 2023, the FTB removed the income tax notice and explained it had stemmed

19   from Plaintiff having an active law license throughout 2020 and not filing a return, despite his law

20   license being active since 2001.  *Id.* at 34.  Plaintiff ties this notice to Haynes' status as a veteran

21   California litigator with many government connections.  *Id.* at 35.  It accuses Defendants of

22   colluding with the government to retaliate against Plaintiff for questioning Skaggs about the

23   Council, its use of funds, and its relationship with the IRS.  *Id.*

24       The FAC seeks $1,000,000 in economic and non-economic damages, for pain and

25   suffering, and punitive damages.  *Id.* at 37.  It also seeks injunctive relief enjoining Defendants

26

27   _____

     [4]  Although the FAC's title page also alleges "Invasion of Privacy – False Light and Intrusion

28   Upon Seclusion" and "Intentional Infliction of Emotional Distress" ("IIED"), the FAC itself does
     not explain either claim.  FAC at 2.

from continuing to spread the Representations and compelling them to redact or delete them from the public court record, databases, and any other records on the internet or in print.  *Id.*

### III.    Pending Motions

Defendants Skaggs and Haynes filed both of their motions on August 24, 2024.  ECF Nos. 17-18.  Judge Sotelo filed his motion to dismiss the FAC as against him on September 9, 2024.  ECF No. 19.  Plaintiff has filed opposition briefs and other responses to the motions and Defendants have filed replies.[5]  The motions were fully briefed and taken under submission without oral argument.

On March 18, 2025, the undersigned recommended the motions to dismiss be granted without leave to amend and the motion for sanctions be granted.  ECF No. 37.  Plaintiff then filed objections to the findings and recommendations (ECF No. 39) and a motion seeking leave to file a second amended complaint (ECF No. 40).  Plaintiff also moved to recuse the undersigned pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.  ECF No. 41.  Much of Plaintiff's recent filings concern an explosion and fire that reportedly destroyed much of his property on March 27, 2025 and the purported government cover-up concerning the assassination of John F. Kennedy.

### LEGAL STANDARDS

### I.    Motion to Dismiss

A defendant may move to dismiss a claim under Rule 12(b)(1) if the court lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Alternatively, a defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the

---

[5]  On March 4, 2025, Plaintiff filed notice of related cases, including *Henreid I* and *Henreid v. Feuer et al*, Case No. 2:25-cv-01379-DSF-PVC (C.D. Cal. Feb. 18, 2025).  ECF No. 36.  No action is required as to that notice.

1    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2    *Iqbal*, 556 U.S. at 678.  This standard is a "context-specific task that requires the reviewing court

3    to draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and to "draw all

4    reasonable inferences in favor of the nonmoving party." *Boquist v. Courtney*, 32 F.4th 764, 773

5    (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d

6    938, 945 (9th Cir. 2014) (internal quotation marks omitted)).  Stating a claim "requires more than

7    labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

8    The factual allegations must be sufficient to "raise a right to relief above the speculative level"

9    and "raise a reasonable expectation that discovery will reveal evidence" needed to support the

10   claim.  *Id.* at 556.

11        On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the

12   complaint by reference, as well as evidence properly subject to judicial notice.  *Weston Fam.*

13   *P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617-18 (9th Cir. 2022).  "Ultimately, dismissal is

14   proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of

15   facts to support its claims."  *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks

16   omitted) (cleaned up).  A pro se plaintiff's factual allegations are interpreted liberally on a

17   12(b)(6) motion, and the court must apply a less stringent pleading standard than if the plaintiff

18   was represented by counsel.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

19        The court may dismiss for failure to state a claim when the allegations of the complaint

20   and judicially noticeable materials establish an affirmative defense or other bar to recovery, such

21   as the expiration of the statute of limitations.  *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th

22   Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Goddard v. Google Inc.*,

23   640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely

24   serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of

25   the [c]omplaint").  However, dismissal under Rule 12(b)(6) is improper if the allegations of the

26   complaint and judicially noticeable materials concerning the defense raise disputed issues of fact.

27   *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Scott v.*

28   *Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

1    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

2    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See*

3    *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

4    **II.    Motion for Sanctions**

5    Whenever filing a pleading, written motion, or other paper with the court, the attorney or

6    unrepresented party implicitly:

> certifies to the best of their knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost
> of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted
> by existing law or by a nonfrivolous argument for extending,
> modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically
> so identified, will likely have evidentiary support after a
> reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence
> or, if specifically so identified, are reasonably based on belief or
> a lack of information.

17    Fed. R. Civ. P. 11(b).  When making such certification, a party or its counsel has a duty to both

18    "conduct a reasonable factual investigation" and "perform adequate legal research that confirms

19    whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good

20    faith argument for an extension, modification or reversal of existing law.'"  *Christian v. Mattel,*

21    *Inc*, 286 F. 3d 1118, 1127 (9th Cir. 2002) (quoting *Golden Eagle Distrib. Corp. v. Burroughs*

22    *Corp.,* 801 F.2d 1531, 1537 (9th Cir.1986)).

23    A party may move for the court to award sanctions based on a violation of Rule 11(b) by

24    filing a separate motion outlining the specific conduct that allegedly violates this rule.  Fed. R.

25    Civ. P. 11(c)(1)-(2).  When the complaint is the subject of the motion, the court must ask "(1)

26    whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if

27    the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it."

28    *Christian*, 286 F. 3d at 1127 (citing *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

If the court grants the motion, the amount of such sanction must be limited to an amount sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). This can include, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

### III.    Recusal

Under 28 U.S.C. § 455(a), "recusal is required if ... [the judge's] 'impartiality might reasonably be questioned.'" *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 916 (2004). The fact that a judge made rulings adverse to a party, standing alone, is not a basis for disqualification under Section 455. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir. 1989).

The standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)) (internal quotation marks omitted). Impermissible "personal bias" is generally a bias derived from extra-judicial origins, as opposed to an opinion formed during the course of litigation. *Craven v. United States*, 22 F.2d 605, 607 (1st Cir. 1927); *accord United States v. Carignan*, 600 F.2d 762, 763-64 (9th Cir. 1979).

### ANALYSIS

### I.    Judicial Notice

A court may judicially notice facts "not subject to reasonable dispute because," *inter alia*, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

### A. Defendants' Requests

Defendants Haynes and Skaggs seek judicial notice of (1) the decision in *Henreid II*, filed February 16, 2024 (Exhibit 1) (ECF No. 17-1 at 4-27); (2) Plaintiff's motion for sanctions in *Henreid I*, filed February 10, 2023 (Exhibit 2) (ECF No. 17-1 at 28-44); (3) Skagg's opposition

1    thereto, filed in May 2023 (Exhibit 3) (ECF No. 17-1 at 45-60); (4) Plaintiff's motion for

2    sanctions in *Henreid II* (Exhibit 4) (ECF No. 17-1 at 61-84); (5) Designation of Record on Appeal

3    by Plaintiff (Exhibit 5) (ECF No. 17-1 at 85-90); (6) Plaintiff's motion to augment the record of

4    *Henreid II* (Exhibit 6) (ECF No. 17-1 at 91-104); (7) a Minute Order on the Settled Statement

5    (Exhibit 7) (ECF No. 17-1 at 105-106); (8) a Record of Proceedings on the Settled Statement

6    (Exhibit 8) (ECF No. 17-1 at 107-167); (9) the Final Settled Statement (Exhibit 9) (ECF No. 17-1

7    at 168-177); and (10) an article entitled *From 1999: Law student who taped sex partners gets jail*

8    *term* by *The Post-Dispatch*, dated August 28, 1999 (Exhibit 10) (ECF No. 17-1 at 178-180).

9          Plaintiff objects to judicial notice of Exhibits 1, 3, 5, and 7-10.  Plaintiff first argues that

10   these documents are not relevant at the pleading stage because the court must take the pleadings

11   as true.  ECF No. 23 at 1.  To the contrary, it is axiomatic that a court may take judicial notice of

12   properly noticeable records on a motion to dismiss.  *See Khoja v. Orexigen Therapeutics, Inc*, 899

13   F.3d 988, 999 (9th Cir. 2018) ("[a] court may take judicial notice of matters of public record

14   without converting a motion to dismiss into a motion for summary judgment").

15         As to Exhibit 1, Plaintiff then argues that California appellate opinions are not citeable if

16   unpublished.  ECF No. 23 at 2 (citing Cal. Rules of the Court, Rule 8.1115).  The applicable rule

17   includes an exception for cases "relevant under the doctrines of law of the case, res judicata, or

18   collateral estoppel[,]" which are among the arguments Defendants Haynes and Skaggs raise here.

19   Cal. Rules of the Court, Rule 8.1115(b)(1).  In any event, the California Rules of Court do not

20   apply in federal court.

21         Plaintiff then argues that as to Exhibit 1, no preclusive effect or litigation privilege

22   attaches to sanction motions.  ECF No. 23 at 2 (citing *Wright v. Ripley*, 65 Cal.App.4th 1189,

23   1191 (Cal. Ct. App. 1998); *In re Marriage of Anka & Yeager*, 31 Cal. App. 5th 1115, 1121 (Cal.

24   Ct. App. 2019)).  As to Exhibit 3, Plaintiff argues that the relevant motion for sanctions was not

25   fully briefed because of the timing of service.  ECF No. 23 at 2-3.  As to Exhibits 7-9, Plaintiff

26   accuses Defendants of using the "convoluted mess" of litigation surrounding the Settled

27   Statement to selectively have specific facts judicially noticed.  *Id.* at 3.

28         These arguments are more relevant—if at all—to the merits of the pending motions, rather

1    than the request for judicial notice.  Additionally, these arguments fail to distinguish between

2    judicial notice of the documents and judicial notice of the allegations or assertions therein.  While

3    it is true that a court generally cannot consider as true the content of judicially noticed documents,

4    documents remain noticeable for other purposes.  *See Khoja*, 899 F.3d at 999-1000.

5         Plaintiff argues that Exhibit 5 is irrelevant, and that its admission would violate the Best

6    Evidence Rule because it was not the operative Designation of Record.  ECF No. 23 at 3.  After

7    the Court of Appeal granted Plaintiff's motion to augment the record in *Henreid II*, it issued a

8    different Designation of Record that replaced the original.  *Id.*  The Best Evidence Rule provides

9    only that unless the Federal Rules of Evidence state otherwise, a litigant can only prove the

10   "content" of a "writing, recording, or photograph" through an original copy.  Fed. R. Evid. 1002.

11   The original Designation of Record is still relevant if Defendants seek to make arguments based

12   on what that Designation said, even if it did not remain the operative version.

13        Finally, Plaintiff argues that Exhibit 10 is a veiled attempt to inject an out-of-court

14   statement at the pleading stage to confuse the Court by repeating the same purported falsehoods

15   Defendants have spread about Plaintiff.  ECF No. 23 at 4-5; ECF No. 24 at 2.  Plaintiff again

16   mischaracterizes the extent of any judicial notice.  The Ninth Circuit has permitted judicial notice

17   of published articles as proof of "what was in the public realm at the time, not whether the

18   contents of those articles were in fact true."  *Von Saher v. Norton Simon Museum of Art at*

19   *Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citing *Premier Growth Fund v. Alliance Capital*

20   *Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2001)).  Defendants' motion cites the article to challenge

21   the FAC's defamation claim and the assertion that "no such *allegations*" of criminal conduct

22   "ever existed…"  ECF No. 17 at 8 (citing FAC at 5-6) (emphasis added).  Challenging this only

23   requires that the article made such allegations to the public, not that the allegations were true.

24   Defendants do not seek admission of this article for an improper purpose.

25        All ten of Skaggs and Haynes' requests for judicial notice are granted.  The Court

26   emphasizes, however, that judicial notice only extends to the authenticity and content of each

27   document, not to the truth of such contents.

28

**B.  Plaintiff's Requests**

Plaintiff seeks judicial notice of (1) his response, filed June 1, 2023, to the LASC order in *Henreid I* granting his motion to strike defamatory statements from Defendants' filings in the court record (Exhibit A) (ECF No. 21-1 at 3-40); (2) the fact that the LASC docket shows Defendants never replied to this response; (3) the order in *Henreid I* to redact defamatory per se content from the public court record, dated July 10, 2023 (Exhibit C) (ECF No. 21-1 at 40-44); (4) a letter from the State of California Department of Justice, dated September 10, 2018, stating that a search for Plaintiff's fingerprints did not yield criminal records (Exhibit D) (ECF No. 21-1 at 45-46); (5) a No Match Notification from the Missouri Highway Patrol, dated February 17, 2020 (Exhibit E) (ECF No. 21-1 at 47-48); (6) a screenshot from Backgroundchecks.com of a national criminal background check yielding no results for Plaintiff (Exhibit F) (ECF No. 21-1 at 49-57); and (7) an Audit Agreement with the Council dated November 1, 2018 (Exhibit G) (ECF No. 21-1 at 58-59).

Plaintiff cites no authority suggesting that either Backgroundchecks.com or a handwritten agreement could be "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Nor does Plaintiff provide any evidence that the docket would show no reply to Exhibit A, as Plaintiff claims in his second request. Judicial notice is granted only as to Exhibits A and C-E.

**II.    Plaintiff's Purported "Tax Fraud" Claim**

Plaintiff argues that his claims are not precluded under the various doctrines discussed below because the FAC's allegations of "tax fraud" have no connection to the underlying civil actions. ECF No. 21 at 9. The FAC alleges that the FTB assessed Plaintiff for taxes owed in 2020 three years later, that Haynes has the government contacts necessary to collude with FTB by virtue of his tenure with the Republican Party, and that the tax assessment is "no coincidence." FAC at 35. However, there is no private cause of action for tax fraud as conceived by Plaintiff. Tax fraud is a criminal offense that can be pursued by the proper government authorities, but not private litigants. Moreover, neither the FAC nor Plaintiff's opposition to the motion to dismiss identify facts that would elevate the substance of his tax-related allegations beyond pure

1   speculation. *See Twombly*, 550 U.S. at 556. "It is the conclusory nature of respondent's

2   allegations, rather than their extravagantly fanciful nature, that disentitles them to the

3   presumption of truth." *Iqbal*, 556 U.S. at 681. Plaintiff's tax fraud claim should be dismissed.

4   The remaining claims all concern *Henreid I* and *Henreid II*.

5       **III.    Haynes and Skaggs' Motion to Dismiss**

6       Defendants Haynes and Skaggs assert that Plaintiff's claims against them are entirely

7   barred by the litigation privilege. ECF No. 17 at 7-9. Defendants note that every reference to

8   purportedly defamatory comments is to Defendants' actions in *Henreid I* or *Henreid II*. *Id.* at 8-9

9   (citing FAC at 5-6, 8, 11, 14, 16, 20, 22-23, 25-26, 36, 39). Defendants identify the instant action

10  as the exact form of harassment that the litigation privilege was designed to guard against. *Id.* at

11  10. They characterize the claims as the product of Plaintiff's frustration at the outcome of the

12  underlying defamation action, and as his attempt to retaliate at anyone who ever told him his prior

13  claims lacked legal basis. *Id.*

14      The litigation privilege is a creature of California law. Set out in California Civil Code §

15  47(b)(2), it "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2)

16  by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and

17  (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d

18  205, 212 (1990). "The litigation privilege is absolute" and "[a]ny doubt as to whether the

19  privilege applies is resolved in favor of applying it." *Gamble v. Kaiser Foundation Health Plan,*

20  *Inc.*, 348 F.Supp.3d 1003, 1029 (N.D. Cal. 2018) (quotations omitted).

21      **A. Plaintiff's Arguments**

22      Plaintiff argues that Haynes and Skaggs misrepresent the scope of the litigation privilege.

23  ECF No. 21 at 3. He first argues that it does not protect "malicious and untruthful persons" like

24  Defendants, who he argues made defamatory statements during a jury trial, despite judicially

25  noticed documents establishing the falsehood of those statements. *Id.* (quoting *Friedman v.*

26  *Knecht*, 248 Cal. App. 2d 455, 463 (Cal Ct. App. 1967)).

27      These documents, Plaintiff argues, also prevent Defendants from claiming the statements

28  had "reasonable relevance to the action." ECF No. 21 at 10-11 (citing *Financial Corp. of*

1    *America v. Wilburn*, 189 Cal.App.3d 764, 771 (Cal. Ct. App. 1987)).  As Plaintiff reasons,

2    because the Representations in the underlying civil action were about convictions and not

3    dismissed charges, the allegations of dismissed charges were also not relevant to the civil action.

4    ECF No. 21 at 11.  Plaintiff cites Judge Richardson's order in *Henreid I* that struck the

5    Representations from the trial court record on the basis that the Representations were irrelevant,

6    clearly erroneous, and prejudicial if left unsealed.  *Id.* at 11-12 (citing ECF No. 21-1 at 40-44).

7    Plaintiff argues that Haynes' persistence in repeating the Representations after Judge

8    Richardson's order proves malice, oppressiveness, and fraud.  ECF No. 21 at 12-13 (citing Cal.

9    Civil Code § 3294).

10       Relatedly, Plaintiff argues that the statements at issue were not "[i]n the proper discharge

11   of an official duty" and would be exempt from the litigation privilege as false reports of someone

12   committing a criminal act.  ECF No. 21 at 9-10 (citing Cal. Civil Code §§ 47(a), (b)(5).  Plaintiff

13   also cites case law refraining from applying the privilege to "perjury (Pen. Code § 118 *et seq.*);

14   subornation of perjury (*id.* § 127); criminal prosecution under Business and Professions Code

15   section 6128; [and] false report of a criminal offense (Pen. Code § 148.5)[.]"  ECF No. 21 at 10

16   (quoting *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1246 (Cal. Ct.

17   App. 2007)) (corrected).

18       Finally, Plaintiff argues that even if litigation privilege attaches to Haynes and Skaggs'

19   statements, the privilege does not prevent attorneys from being sanctioned or held in contempt for

20   such statements.  ECF No. 21 at 6-7 (citing *In re Marriage of Anka & Yeager*, 31 Cal. App. 5th at

21   1121; *Smith v. Hatch*, 271 Cal.App.2d 39, 50 (Cal. Ct. App. 1969)).

22       **B.  Analysis**

23       Plaintiff's citation to California Civil Code § 47(a) has no relevance because Civil Code §

24   47(b) is the source of the litigation privilege.  Additionally, the cited exception for falsely

25   reporting a crime only applies to "communication between a person and a law enforcement

26   agency[.]"  Cal. Civil Code § 47(b)(5).  The FAC never alleges that Defendants made the

27   Representations outside of court, let alone to law enforcement.

28       Plaintiff's citation to *Friedman* discusses the policy reasons for the existence of the

15

1    litigation privilege, not its application.  *See* 248 Cal. App. 2d at 462-63.  In any case, the scope of

2    litigation privilege has since expanded.  As Defendants note, although the litigation privilege was

3    originally enacted to apply only in defamation cases, it has since expanded to any relevant

4    communication and prevents the use thereof in any case except for malicious prosecution.  ECF

5    No. 30 at 5; *Silberg v. Anderson*, 50 Cal.3d 205, 211 (Cal. 1990).  The privilege even extends to

6    communications outside the courtroom and without involvement of the court or its officers, if the

7    communication was made to achieve the objects of the litigation.  *Id.* (citing *Albertson v. Raboff*,

8    46 Cal.2d 375, 381 (Cal. 1956); *Rosenthal v. Irell & Manella*, 135 Cal. App. 3d 121, 126 (Cal. Ct.

9    App. 1982); *Pettitt v. Levy*, 28 Cal. App. 3d 484, 489 (Cal. Ct. App. 1972)).

10    Nor do any of the exemptions referenced in *Action Apartment Association* apply.  *See* 41

11    Cal.4th at 1246.  A private citizen like Plaintiff cannot bring an action for perjury, let alone use it

12    to defeat the litigation privilege.  *See Lambert v. Carneghi*, 158 Cal.App.4th 1120, 1143 n.9 (Cal.

13    Ct. App. 2008) (citing *Pollock v. University of Southern California*, 112 Cal.App.4th 1416, 1429

14    (Cal. Ct. App. 2003)).  A similar logic applies to a purported violation of California Business and

15    Professions Code § 6128.  *Action Apartment Association* emphasized that litigation privilege does

16    not apply when there is "criminal prosecution" under this statute, which the FAC does not allege.

17    *See* 41 Cal.4th at 1246.  Finally, false report of a criminal offense only applies when the false

18    report is made to a peace officer or grand jury, which the FAC never alleges.  *See* Cal. Penal

19    Code § 148.5(a)-(d).

20    The scope of matter relevant to *Henreid I* was also broader than Plaintiff asserts.  The

21    FAC alleges that Judge Sotelo improperly ruled that because Plaintiff was a public figure, his

22    defamation claim required that Skaggs knew that the Representations were false or acted with

23    reckless disregard as to their truth when he first published them in 2019.  FAC at 20.  Whether

24    Judge Sotelo was correct, past allegations of wrongdoing were therefore relevant to whether

25    Skaggs could have reasonably believed that Plaintiff was guilty of other wrongdoing.  The fact

26    that judicially noticed documents showed Plaintiff was never convicted of a crime did not end the

27    inquiry.

28    Nor did the trial court's decision striking the Representations from the record in *Henreid I*

1    invalidate the litigation privilege.  *See* ECF No. 21-1 at 41-44.  Plaintiff argues that continuing to

2    spread the Representations demonstrates malice, oppressiveness, and fraud.  ECF No. 21 at 12-13

3    (citing Cal. Civil Code § 3294).  If a communication was legitimately related to the litigation,

4    however, the privilege can apply even if the communication was "fraudulent, perjurious,

5    unethical, or even illegal."  *Kashian v. Harriman*, 98 Cal.App.4th 892, 920 (Cal. Ct. App. 2002).

6    In any case, the order granting the motion to strike was clear that it did not apply to the ongoing

7    appellate proceedings, and that Plaintiff had failed to prove that Defendants had engaged in the

8    deceit or collusion necessary to merit sanctions.  ECF No. 21-1 at 43.  This shows that repeating

9    the Representations in appellate proceedings after Judge Richardson granted a motion to strike

10   them from the trial record did not necessarily render them beyond the scope of the litigation

11   privilege.

12        Finally, Plaintiff's argument that litigation privilege does not apply to sanction or

13   contempt proceedings is irrelevant.  One of the cases Plaintiff cites, *In re Marriage of Anka &*

14   *Yeager*, did hold that litigation privilege does not apply to sanctions imposed by the trial court.

15   31 Cal. App. 5th at 1121 (citing *In re Marriage of Davenport*, 194 Cal.App.4th 1507, 1527 (Cal.

16   Ct. App. 2011)).  The case it cites, however, distinguishes between contempt proceedings in the

17   same action and separate actions for tort liability.  *In re Marriage of Davenport*, 194 Cal.App.4th

18   at 1527.  The instant action is a separate action for tort liability under various theories, including

19   defamation and negligence.

20        **C.  Conclusion**

21        Plaintiff has failed to articulate why the litigation privilege does not apply to any of the

22   Representations at issue in the FAC.  The court therefore recommends GRANTING the motion to

23   dismiss all claims against Haynes and Skaggs.  The court need not address Haynes and Skaggs'

24   arguments as to collateral estoppel.  *See* ECF No. 17 at 6-7.

25   **III.    Judge Sotelo's Motion to Dismiss**

26        **A.  Rooker-Feldman Doctrine**

27        Under the *Rooker-Feldman* doctrine, federal district courts may not "review the final

28   determinations of a state court in judicial proceedings."  *Worldwide Church of God v. McNair, et*

*al.*, 805 F.2d 888, 890 (9th Cir. 1986).  The doctrine reflects the fact that the only federal court

with the jurisdiction to review state court decisions is the United States Supreme Court.  *See*

*Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415-16 (1923).  Lower courts can review the

constitutionality of laws, but not the judgment of a state court in the application thereto in a

particular case.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

District courts therefore lack subject matter jurisdiction if the current claims are

"inextricably intertwined" with a state court decision and "the adjudication of the federal claims

would undercut the state ruling or require the district court to interpret the application of state

laws or procedural rules[.]"  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  This

doctrine is analogous to *res judicata*, insofar as the district court cannot act if "there has already

been actual consideration of and a decision on the issue presented."  *McNair*, 805 F.2d at 892

(quoting *Robinson v. Ariyoshi*, 753 F.2d 1468, 1472 (9th Cir. 1985)).

Judge Sotelo argues that the *Rooker-Feldman* doctrine applies because the FAC

challenges his decisions to, *inter alia*, prevent Plaintiff from citing statutory law to the jury in

*Henreid I*, allow submission of newspaper articles through cross-examination of Plaintiff, instruct

the jury to treat Plaintiff as a public figure for defamation purposes, leave the veracity of the

Representations as a question of fact-finding for the jury, and include language regarding

Plaintiff's former criminal charges in several of his orders.  ECF No. 19 at 8.

Plaintiff responds that while he does challenge the last point, the FAC only included the

remaining information as proof of the malice that led Judge Sotelo to allow Representations to

persist in court filings for *Henreid I.*  ECF No. 27 at 6.  Plaintiff adds that because Judge Sotelo

retired before Plaintiff filed his motion for sanctions, this Court would not be undercutting any

ruling on such a motion.  *Id.* at 7.  Plaintiff further argues that the *Rooker-Feldman* doctrine only

applies to "state-court losers complaining of injuries" resulting from the loss, whereas Plaintiff

did not lose the motion to strike Representations from the state court record.  *Id.* at 6-7 (quoting

*Los Molinos Mut. Water Co. v. Ekdahl*, 695 F. Supp. 3d 1174, 1192 (E.D. Cal. 2023) (quoting

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 291-92 (2005))).

Judge Sotelo responds that in addition to Plaintiff admitting that the language in some of

1  Judge Sotelo's orders is at issue, the FAC's Prayer for Relief specifically asks for an order to

2  removing any damaging misrepresentations of Plaintiff's past from the state-court record.  ECF

3  No. 32 at 4 (citing FAC at 37).  This would, in turn, require this court to review whether the

4  language in such orders was defamatory.  ECF No. 32 at 4.  Judge Sotelo also argues that whether

5  Plaintiff was a "state-court loser" on his motion to strike in *Henreid I* is irrelevant because the

6  order granting that motion is not what Plaintiff asks this court to review.  *Id*.

7      The court agrees that even if Judge Sotelo's order denying Plaintiff's motion for summary

8  judgement and subsequent orders are the only orders at issue, *Rooker-Feldman* bars the review

9  that Plaintiff requests.  The motion for reconsideration quoted in the FAC underscores this point.

10  In that motion, Plaintiff argued that if Judge Sotelo did not remove allegations of Plaintiff's prior

11  criminal conduct from Judge Sotelo's previous order, "Plaintiff would have to sue the Court for

12  what the Ruling states is factually [sic] about dismissed charges twenty-five years later in order to

13  avoid having that statement become accepted as true in the future."  FAC at 24.  Despite that,

14  Judge Sotelo's final ruling still contained the contested language, and Plaintiff now asks to have

15  that language and similar statements removed from the public record.  *Id.* at 24, 37.

16      Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to review Judge Sotelo's

17  challenged orders, including any reference therein to Plaintiff's prior criminal charges.  This

18  alone merits dismissal of the case against Judge Sotelo.

19      **B.  Judicial Immunity**

20      Judges are entitled to absolute immunity from actions for damages "for their judicial acts,

21  even when such acts are in excess of jurisdiction, and are alleged to have been done maliciously

22  or corruptly."  *Tagliavia v. County of Los Angeles*, 112 Cal. App. 3d 759, 761-62 (Cal Ct. App.

23  1980) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *see also Lund v. Cowan*, 5 F.4th 964,

24  972 (9th Cir. 2021) ("a judicial act does not stop being a judicial act even if the judge acted with

25  'malice or corruption of motive'") (citation omitted).  The Ninth Circuit has noted that although

26  judicial independence can result in unfairness to a litigant, that is precisely when "judicial

27  immunity may be more necessary to preserve judicial independence."  *Lund*, 5 F.4th at 971-72.

28  Judge Sotelo argues that this immunity merits dismissal of any claims against him in the FAC.

19

1    ECF No. 19 at 9-10.

2          Plaintiff first argues that this immunity does not apply to his allegations of tax fraud,

3    which did not concern any judicial action.  ECF No. 27 at 4.  While this is technically true, as

4    discussed above, Plaintiff cannot state a claim for tax fraud.  *See supra*.  Moreover, as to any

5    purported tax fraud cause of action, the allegations against Judge Sotelo are even less substantial

6    than those against Haynes.  Whereas the FAC alleges that Haynes had the political connections to

7    compel the FTB to issue a fraudulent tax assessment, it makes no such allegations about Judge

8    Sotelo.  *See* FAC at 35.  Plaintiff's tax fraud theories thus do nothing to pierce Judge Sotelo's

9    judicial immunity.

10          As to the remaining claims, the FAC alleges Judge Sotelo knew the Representations about

11    Plaintiff's criminal past were false.  ECF No. 27 at 5 (citing FAC at 38).  Plaintiff argues that

12    because judicially noticed documents demonstrated any such allegations were false, Judge Sotelo

13    effectively rewrote the applicable statute and therefore performed "a legislative and not a judicial

14    function."  ECF No. 27 at 5 (citing *Hung v. Wang*, 8 Cal. App. 4th 908, 931 (Cal. Ct. App.

15    1992)).  The FAC also alleges that in the underlying litigation Defendants disclosed cases made

16    confidential by law, which violates the California Penal Code.  ECF No. 27 at 5 (citing FAC at

17    39).  Plaintiff argues that committing a crime is not a "function normally performed by a judge"

18    and therefore is not protected under judicial immunity.  ECF No. 27 at 5 (quoting *Mireles v.*

19    *Waco*, 502 U.S. 9, 12 (1991)).

20          Plaintiff's arguments lack support.  The cited portion of *Hung* did not directly concern

21    judicial immunity.  8 Cal. App. 4th 931.  Rather, in *Hung* the Second District Court of Appeal

22    distinguished between the requirement that a court construe laws to avoid unconstitutionality

23    when possible and the prohibition against rewriting a statute to add provisions necessary to make

24    a statute constitutional.  *Id.* at 930-31.  Nothing shows that Judge Sotelo rewrote a statute in

25    *Henreid I*.  Even if he had, Plaintiff offers no authority suggesting that doing so would eliminate

26    judicial immunity.

27          Plaintiff also misconstrues *Mireles*' statement that particular acts, like ordering police to

28    execute a judicial order with excessive force, are not "normally performed by a judge."  502 U.S.

1   at 12 (citing *Stump* v. *Sparkman*, 435 U.S. 349, 362 (1978)).  In *Mireles*, the Supreme Court

2   clarified that "[i]f judicial immunity means anything," it cannot depend on whether a specific act

3   was "in error" or exceeded the bounds of a judge's authority.  502 U.S. at 12-13.  Rather, "the

4   relevant inquiry is the 'nature' and 'function' of the action, not the 'act itself.'"  *Id.* at 13 (quoting

5   *Stump*, 435 U.S. at 362).  In the instant action, Judge Sotelo's contested orders were issued in the

6   ordinary course of adjudicating disputes—nor did he order a third party to do something clearly

7   illegal.  Assuming *arguendo* that Judge Sotelo's decisions were legally incorrect or somehow

8   exceeded his judicial authority, under the *Stump/Mireles* nature-and-function test they are

9   immune from challenge in this action.

10          **C.  Conclusion**

11          Plaintiff's claims against Judge Sotelo are precluded by both the *Rooker-Feldman* doctrine

12   and judicial immunity.  The Court therefore recommends GRANTING the motion to dismiss all

13   causes of action against Judge Sotelo.

14      **IV.      Plaintiff's Motion for Leave to File a Second Amended Complaint**

15          For the reasons explained above, all of Plaintiff's claims in the FAC should be dismissed.

16   The question is whether Plaintiff should be granted leave to file an amended pleading.  A pro se

17   litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,

18   unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar*, 698 F.3d at

19   1213.  Plaintiff has specifically sought leave to file a Second Amended Complaint.  ECF No. 38.

20          Plaintiff's proposed Second Amended Complaint ("Proposed SAC") purports to allege the

21   following causes of action: (1) 42 U.S.C. §1983; (2) defamation per se; (3) invasion of privacy;

22   (4) IIED; (5) tax fraud; (6) negligence; (7) negligence per se; (8) injunctive relief; (9) specific

23   performance; (10) equitable estoppel; (11) fraud or deceit – intentional misrepresentations; (12)

24   malicious prosecution; and (13) declaratory relief.  ECF No. 38-2 at 1.  The Proposed SAC

25   contains apparently identical factual allegations to the FAC.  *Id*. at 7-34.  The body of the

26   Proposed SAC also contains apparently identical causes of action to the causes of action in the

27   FAC, despite the lengthier listed causes of action on the caption sheet.  *Id*. at 14-15, 34-37.

28   Given that Plaintiff's Proposed SAC is substantively identical to the FAC, it reinforces the

1    conclusion in the original findings and recommendations that leave to amend should not be

2    granted.  Plaintiff's objections to the original findings and recommendations also provide no

3    reason to believe that Plaintiff could amend to state a claim on which relief could be granted. All

4    of Plaintiff's claims in the Proposed SAC, like his claims in the FAC, are barred as a matter of

5    law—against Haynes and Skaggs based on the litigation privilege and against Judge Sotelo are

6    based on the *Rooker-Feldman* doctrine and absolute judicial immunity.  Moreover, Plaintiff's

7    purported tax fraud claim suffers from incurable defects and should be dismissed without leave to

8    amend.  *See SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783

9    (9th Cir. 1996) ("The court may dismiss a complaint as a matter of law for (1) lack of a

10   cognizable legal theory or (2) insufficient facts under a cognizable legal claim.") (internal

11   quotations omitted).  Leave to amend should be DENIED.

12   **V.      Motion for Sanctions**

13            In the original findings and recommendations, the undersigned recommended awarding

14   Haynes and Skaggs $10,000 as a sanction for Plaintiff's pursuit of frivolous claims.  ECF No. 37

15   at 20-23.  The Court now reconsiders that recommendation in light of recent hardship that

16   Plaintiff has reportedly endured.  Plaintiff represents that on March 27, 2025, a fire at his

17   residence caused what "by insurance standards would likely be considered at total loss."[6]  ECF

18   No. 39 at 3; *see also* ECF No. 38 at 5-9 (Plaintiff's declaration accompanied by photos of the

19   destroyed residence).  Plaintiff states that he "does not have liquid assets to pay" any sanctions

20   amount and notes that his "residence and vehicle were blown up and incinerated" on March 27.

21   ECF No. 41 at 10.  While the undersigned is sympathetic to the hardship that Plaintiff is facing as

22   a result of this fire, Plaintiff has not attempted to document his financial situation and has not

23   represented that he would be unable to liquidate assets to pay any assessed sanctions.  On the

24   record before the Court, this is accordingly not a case where it is clear that a monetary sanction

25   would "impose[] a requirement" by Plaintiff that "could not be performed."  *Thomas v. Gerber*

26

27   _____
     [6]  Plaintiff believes the incident was a "domestic terrorist attack" connected "to this litigation."
28   ECF No. 39 at 3.  The undersigned ignores those unsubstantiated conspiracy theories in
     evaluating whether and how this incident impacts the sanctions analysis.

1   *Productions*, 703 F.2d 353, 357 (9th Cir.1983).  The undersigned accordingly turns to substantive

2   analysis of the requested sanctions.

3         Plaintiff was on notice that claims against Haynes and Skaggs related to Representations

4   in the underlying defamation action were barred by the litigation privilege.  Before Plaintiff filed

5   this lawsuit, in an email in October 2022, Haynes warned Plaintiff that the litigation privilege

6   applied to statements "that are, or are alleged to be, fraudulent, perjurious, unethical, or even

7   illegal."  ECF No. 17-1 at 84 (quoting *Kashian*, 98 Cal.App.4th at 920).  Then, on February 16,

8   2024, the Second Appellate District of California, in *Henreid II*, affirmed Judge Sotelo's

9   judgment in *Henreid I*.  ECF No. 17-1 at 5.  In a footnote invoking the litigation privilege, the

10  appellate court cited authority for the proposition that privilege attaches "to all publications,

11  irrespective of their maliciousness."  ECF No. 17-1 at 26. (quoting *RGC Gaslamp, LLC v.*

12  *Ehmcke Sheet Metal Co., Inc.*, 56 Cal.App.5th 413, 435 (Cal. Ct. App. 2020)).  Haynes and

13  Skaggs argue that although Plaintiff filed the original complaint in this action before that decision

14  issued in *Henreid II*, he should have thereafter dismissed this action rather than filing an amended

15  complaint adding Skaggs and Judge Sotelo as Defendants.  ECF No. 18 at 6.  Regardless,

16  particularly given that Plaintiff is an attorney, even perfunctory legal research would have

17  revealed that the legal theories Plaintiff asserts in this lawsuit are meritless.

18        Haynes and Skaggs further argue that Plaintiff has repeated several of his current

19  arguments in other forums, seen them repudiated, and retaliated by making even more outrageous

20  claims in a new forum.  *Id.*  As a lawyer, Plaintiff can continue to harass Defendants with these

21  allegations at no cost to himself unless sanctions are imposed to deter him.  *Id.*  Haynes and

22  Skaggs therefore request that the court award them $10,000 in sanctions from Plaintiff, reflecting

23  20 hours of billable work by Haynes at $500 per hour.  *Id.* at 6-7; ECF No. 28 at 3.

24        Plaintiff first responds that because the FAC's allegations of tax fraud are new, no prior

25  court has ruled against them and Defendants cannot argue they are frivolous or covered by

26  litigation privilege.  ECF No. 22 at 1.  He then notes that when Judge Richardson in *Henreid I*

27  granted Plaintiff's motion to strike, she held that the record included "damaging and clearly

28  erroneous representations of his past criminal history" that should be sealed to prevent their

1    "reproduction in the public sphere." *Id.* at 2 (citing ECF No. 21-1 at 43). Third, because Plaintiff

2    never filed a separate motion for sanctions as Judge Richardson required, there was never a full

3    presentation or ruling on the merits concerning misconduct that occurred while *Henreid I* was on

4    appeal. ECF No. 22 at 2. Finally, many of the factual issues in the instant action were never

5    raised in *Henreid I* because of the "inherent conflict of interest" with Judge Sotelo, even after he

6    retired.[7] *Id.* at 2-3.

7          Plaintiff then argues that the Court should sanction Defendants Haynes and Skaggs, if

8    anyone, for filing a frivolous motion for sanctions. *Id.* at 4-7. Several of his arguments, however,

9    mirror those from his opposition to Haynes' and Skaggs' motion to dismiss and fail for the same

10   reasons. Plaintiff again cites California Rules of Court, Rule 8.1115's prohibition on citing

11   unpublished appellate opinions, and he again ignores Rule 8.1115(b)'s exception for opinions

12   "relevant under the doctrines of law of the case, res judicata, or collateral estoppel[.]" *Compare*

13   ECF No. 22 at 4 *with* ECF No. 23 at 2. Plaintiff's citation to *In re Marriage of Anka & Yeager*

14   again fails to distinguish between contempt proceedings in the original trial and tort litigation in a

15   new trial. *Compare* ECF No. 22 at 4 *with* ECF No. 23 at 6-7.[8]

16         As to the *Henreid I* court's order granting Plaintiff's motion to strike, Haynes and Skaggs

17   note that the trial court's decision did not reflect any wrongdoing by Haynes. ECF No. 26 at 2. A

18   holistic reading of *Henreid I* court's analysis confirms this. Judge Richardson did find that the

19   statement from an objection Skaggs filed misstated Plaintiff's expunged criminal history. ECF

20   No. 21-1 at 42. Judge Richardson declined to impose sanctions, however, because she could not

21   find that Skaggs had intended to deceive the court or any party. *Id.* at 43. The order sealed

22   portions of the record because of the "overriding interest" in protecting Plaintiff, and the cited test

23   does not list defendant misconduct or fraud among the relevant factors. *Id.* (citing Cal. Rules of

24   Court, Rule 2.550(d)). In short, nothing in *Henreid I* could have reasonably made Plaintiff

25

26   _____
     [7] Any perceived conflict of interest with Judge Sotelo is irrelevant to the question of whether
     sanctions are warranted in the instant action. In any event, Plaintiff's belief in a conflict of
     interest stems solely from Judge Sotelo ruling against Plaintiff, in decisions which are protected
27   by judicial immunity. *See supra*; ECF No. 22 at 2-3.
     [8] Plaintiff's argument regarding his tax fraud claim is disposed of by the explanation that such
28   claim should be dismissed with prejudice.

1    believe that he could file a new action in federal court seeking to further litigate issues finally

2    decided in state court.

3          The various holdings from state court proceedings, combined with doctrines that

4    precluded their reintroduction in federal litigation, undermine any argument that Plaintiff

5    reasonably believed the claims raised in his FAC had merit.  Defendants have demonstrated that

6    the FAC's arguments are clearly not "warranted by existing law or by a nonfrivolous argument

7    for extending, modifying, or reversing existing law or for establishing new law[,]" and that

8    Plaintiff should have known as much.  *See* Fed. R. Civ. P. 11(b)(2).  The rate of $500 requested

9    by Haynes and Skaggs is reasonable, as are the 20 hours expended in preparing the motions,

10   given the array of issues Plaintiff included in the FAC.  *See United Food & Commercial Workers*

11   *Union Local No. 115 v. Armour and Co.*, 106 F.R.D. 345, 349 (N.D. Cal. 1985) ("Sanctions also

12   insure, to a large degree, that victims of frivolous lawsuits do not pay the expensive legal fees

13   associated with defending such lawsuits.").  Defendants Haynes and Skaggs' motion for $10,000

14   in sanctions against Plaintiff should be GRANTED, and Plaintiff's request for sanctions against

15   Defendants DENIED.

16       **VI.**   **Recusal Motion**

17         Plaintiff moves to recuse the undersigned pursuant to 28 U.S.C. § 144 and 28 U.S.C. §

18   455.  ECF No. 41.  Plaintiff's motion is based on his disagreements with the original findings and

19   recommendations.  That is not a basis for recusal.  *See Liteky*, 510 U.S. at 555; *Hernandez-*

20   *Escarsega*, 886 F.2d at 1581.  The undersigned has treated Plaintiff's claims with the

21   consideration demanded by applicable legal standards.  There is no reasonable basis to question

22   the impartiality of the undersigned.  Plaintiff's recusal motion will be denied.

23                    **CONCLUSION**

24       Accordingly, it is hereby **ORDERED THAT**:

25      1.  The previously issued Findings and Recommendations (ECF No. 37) are withdrawn;

26         and

27      2.  Plaintiff's Motion to Recuse Magistrate Judge Sean C. Riordan (ECF No. 41) is

28         DENIED.

Moreover, **IT IS HEREBY RECOMMENDED THAT**:

1.  Defendants Skaggs and Haynes' Motion to Dismiss (ECF No. 17) be GRANTED as to all causes of action WITHOUT LEAVE TO AMEND;

2.  Defendant Judge Sotelo's Motion to Dismiss (ECF No. 19) be GRANTED as to all causes of action WITHOUT LEAVE TO AMEND;

3.  Defendants Skaggs and Haynes' Motion for Sanctions against Plaintiff (ECF No. 18) be GRANTED in the amount of $10,000.

These amended findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

26