1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL HENREID,                              No.  2:23-cv-2797-DJC-SCR

12              Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14    RAYMOND NEAL HAYNES, DAVID
      SOTELO, and RICHARD SKAGGS,
15
                Defendants.
16

17

18         On August 13, 2025, District Judge Calabretta adopted the undersigned's Findings and

19    Recommendations to grant Defendants' Motions to Dismiss the First Amended Complaint

20    ("FAC") in this action (ECF Nos. 17, 19) and to award sanctions against Plaintiff in the amount

21    of $10,000.  ECF No. 44.  Judgement was entered on September 8, 2025.  ECF No. 47.  Plaintiff

22    now moves to amend the judgment under Fed. R. Civ. P. 59.  ECF No. 48.  District Judge

23    Calabretta referred Plaintiff's Motion to Amend to the undersigned.  ECF No. 49.

24         While Plaintiff cites to provisions of Rule 59 concerning post-trial relief, ECF 48-1 at 1,

25    the Court construes his motion to fall under Rule 59(e), which allows for a motion to amend a

26    judgment.  Amendment or alteration of judgment "is appropriate under Rule 59(e) if (1) the

27    district court is presented with newly discovered evidence, (2) the district court committed clear

28    error or made an initial decision that was manifestly unjust, or (3) there is an intervening change

                                              1

1    in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

2    Amendment under Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the

3    interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*,

4    229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  The moving party may not "relitigate old

5    matters, or…raise arguments or present evidence that could have been raised prior to the entry of

6    judgment." *Exxon Shipping Co. v. Baker*, 554 US 471, 485 (2008) (internal quotes omitted).

7        Amendment is not appropriate because Plaintiff has not presented newly discovered

8    evidence, shown legal error, or shown a change in the law.  For example, the Findings and

9    Recommendations granted Judge David Sotelo's motion to dismiss in part based on the *Rooker-*

10   *Feldman* doctrine, which prohibits relitigating in federal court any claims that are "inextricably

11   intertwined" with a state court decision.  ECF No. 42 at 18 (quoting *Bianchi v. Rylaarsdam*, 334

12   F.3d 895, 898 (9th Cir. 2003)).  Plaintiff instead discusses *res judicata* and collateral estoppel,

13   ECF No. 48-1 at 16-19, doctrines that the Court explicitly determined it "need not address" in

14   ruling against Plaintiff.  ECF Nos. 42 at 17.  Plaintiff similarly argues that sanctions are not

15   appropriate because a single lawsuit cannot render him a vexatious litigant, and because any

16   procedural issues with service of process were waived by Defendants Haynes and Skaggs'

17   appearances.  ECF No. 48-1 at 2, 14-15.  Neither of these arguments address why sanctions were

18   awarded.  The Court did not sanction Plaintiff because it found him to be a vexatious litigant or

19   because of service issues.  Rather, the Court sanctioned Plaintiff because he was on notice before

20   filing his FAC that none of his arguments had merit.  *See* ECF No. 42 at 23, 25.[1]

21       Other of Plaintiff's arguments in the Motion to Amend fail to address key points in the

22   Court's analysis.  The Court dismissed Plaintiff's claim for tax fraud before considering the

23   arguments generally applicable to Plaintiff's other claims.  ECF No. 42 at 13-14.  Plaintiff now

24   raises further arguments as to his tax fraud claim but fails to address the primary reason for

25   ////

26

27   _____

[1]  This portion of the Findings and Recommendations also refutes Plaintiff's argument in reply

28   that the undersigned did not "describe the sanctioned conduct and explain the basis for the
     sanction."  ECF No. 51 at 2 (quoting Fed. R. Civ. P. 11(c)(6)).

1  dismissing it—that no private cause of action exists for tax fraud.  *Id.* at 13; ECF No. 48-1 at 10-

2  11, 19-20.

3      A similar problem plagues Plaintiff's arguments as to the litigation privilege.  Plaintiff

4  repeats his prior citation to *In re Marriage of Anka & Yeager*, which the Findings and

5  Recommendations found inapplicable to this case.  ECF No. 48-1 at 16-17 (quoting 31 Cal. App.

6  5th 1115, 1121 (Cal. Ct. App. 2019)).  Plaintiff does not explain why the undersigned erred by

7  distinguishing between "contempt proceedings in the same action" (to which the litigation

8  privilege does not apply) and, as here, "separate actions for tort liability" (to which the privilege

9  does apply).  ECF No. 42 at 17 (citing *In re Marriage of Davenport*, 194 Cal.App.4th 1507, 1527

10  (Cal. Ct. App. 2011)).  Plaintiff similarly invokes California Civil Code sections 47(a) and

11  47(b)(5) as exceptions to the litigation privilege, but does not address the Court's findings that

12  those provisions are irrelevant to the communications at issue.  ECF Nos. 42 at 15, 48-1 at 20.

13      Plaintiff also impermissibly revives his argument that the Court must treat the FAC's

14  claim that "[t]he defamation at issue in the Underlying Civil Action is not at issue in this

15  complaint" as true when ruling on a motion to dismiss this case.  ECF No. 48-1 at 3-4.  Courts

16  must take any factual allegations as true, but not "labels and conclusions" disguised as factual

17  allegations.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

18  *Papasan* v. *Allain*, 478 U.S. 265, 286 (1986)).  In any event, the undersigned noted that the FAC

19  specifically sought an order compelling the removal of "any damaging misrepresentations of

20  Plaintiff's past from the state-court record."  ECF No. 42 at 19 (citing ECF No. 32 at 4 (citing

21  ECF No. 5 at 37)).  The Court would therefore need to "review whether the language in such

22  orders was defamatory," despite Plaintiff alleging otherwise.  ECF No. 42 at 19.  The Court did

23  not err in reaching such a conclusion.[2]

24  ─────────────────

[2]  Relatedly, Plaintiff argues that jurists should apply a so-called "golden rule" analysis to find
25  that Plaintiff was "blatantly defamed and attacked" by Defendants.  ECF No. 48-1 at 12.  Plaintiff
cites *United States v. Palma*, which describes the "golden rule" as a party's request that jurors
26  "place themselves in the position of [the] party[.]"  473 F.3d 899, 902 (8th Cir. 2007).  To the
extent "golden rule" analysis has any role in our legal system, it clearly does not apply to legal
27  rulings.  Moreover, *Palma* rejected "golden rule" analysis as "universally condemned" because it
asks jurors to "decide the case on the basis of personal interest and bias rather than on the
28  evidence."  473 F.3d 899, 902 (8th Cir. 2007) (citations omitted).

1    Plaintiff then argues that the award of sanctions ignores evidence of financial hardship,

2    such as bank records and a declaration that he has no liquid assets, and is effectively a punitive

3    order that aims to silence Plaintiff to prevent him from "Exposing the Cabal Controlling the

4    Judiciary that Destroyed Plaintiff's Residence and Vehicle."  ECF No. 48-1 at 4.  The Court has

5    reviewed the docket, including the Proposed Second Amended Complaint ("Proposed SAC")

6    (ECF No. 38), and found no supporting bank records on file.  Nor can Plaintiff submit such

7    evidence at this point without explaining why he failed to do so before entry of judgment.  See

8    *Exxon Shipping Co.*, 554 U.S. at 485.  Moreover, as the Court noted in finding that Plaintiff

9    should be sanctioned, he has not shown that he could not liquidate assets if necessary.

10    As to the Proposed SAC, Plaintiff argues the Court erred in denying him leave to file it as

11    a cure for the defects in his FAC.  ECF No. 48-1 at 6-7.  As the Court noted in its Findings and

12    Recommendations, denial of leave to amend is appropriate if the complaint's deficiencies cannot

13    be cured by amendment, rendering leave to amend futile.  ECF No. 42 at 9, 21 (citing *Akhtar v.*

14    *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012)).  Plaintiff argues that the Proposed SAC included

15    new factual allegations postdating the FAC and asserted new causes of action under 42 U.S.C. §

16    1983 for violations of civil rights by persons acting under the color of law.  ECF No. 48-1 at 6-7.

17    Plaintiff's arguments misrepresent the contents of the Proposed SAC.  The motion seeking

18    leave to file the FAC alleges that "terrorists" started an electrical fire at Plaintiff's house the same

19    day that the California State Bar assigned a case cumber to complaints against Defendant Haynes.

20    ECF No. 38 at 2, 5.  The Proposed SAC itself mentions this arson in a single footnote, without

21    substantially connecting it to any of the causes of action asserted therein.  ECF No. 38-1 at 18,

22    n.1.  Nor does Plaintiff explain how this arson provides any basis for a claim under 42 U.S.C. §

23    1983.  Despite the FAC's allegation that Haynes is a veteran California litigator with many

24    government connections, Haynes himself is not a government official and there are no facts

25    showing that he plausibly acted under color of law.  *See* ECF No. 5 at 35.

26    The Court therefore found that the Proposed SAC was identical to the FAC in all material

27    respects, including the causes of actions within the body of each document.  ECF No. 42 at 21.

28    This led the Court to conclude that Plaintiff cannot amend the complaint to state a cause of action

4

1  on which relief could be granted. *Id.* at 21-22.  Plaintiff has failed to adequately challenge the

2  Court's justification for denying leave to amend.

3      More broadly, Plaintiff argues that dismissal of this action without leave to amend would

4  violate his right to a jury trial under the U.S. Constitution.  ECF No. 48-1 at 14.  Dismissing an

5  action prior to a jury trial does not interfere with the right to one when in accordance with law and

6  the Federal Rules of Civil Procedure.  Were that not the case, the numerous rules of procedure

7  allowing for pre-trial dismissal under certain circumstances would be unconstitutional. *See, e.g.,*

8  Fed. R. Civ. P. 12, 37, 41, 56.

9      Overall, none of the arguments Plaintiff raises show amendment of the judgment is

10  warranted.  Some arguments are completely irrelevant to why judgment was entered against

11  Plaintiff.  Others repeat arguments that the Court previously rejected, with little to no explanation

12  as to why the Court should reconsider its holding.  Nor does Plaintiff explain why he could not

13  make any of these arguments prior to the District Judge's order adopting the Findings and

14  Recommendations.

15      Accordingly, **IT IS HEREBY RECOMMENDED THAT** the Motion to Amend

16  Judgment be DENIED.

17      These findings and recommendations are submitted to the United States District Judge

18  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

19  days after being served with these findings and recommendations, Plaintiff may file written

20  objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

21  Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

22  objections within the specified time may waive the right to appeal the District Court's order.

23  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24      **SO ORDERED**.

25  DATED: October 9, 2025

26

27  SEAN C. RIORDAN
    UNITED STATES MAGISTRATE JUDGE

28

5